Nov. Term,
1861.

JENKS
v.
LIMA
TOWNSHIP.

*Monday,
December* 9.

---

JENKS *v.* LIMA TOWNSHIP.

Suit before a justice of the peace, against *Lima* township, alleging that in 1853, the proposition was submitted to the voters of said township to assess a special tax for common school purposes; that said proposition was carried, and a tax assessed, which amounted on plaintiff's property to eighty dollars; that said tax was placed upon the tax duplicate, and collected by the county treasurer, and paid over to the township; that said tax was illegal, &c.

*Held,* that though the complaint would not have been sufficiently certain, if the suit had been begun in the Circuit or Common Pleas Court, yet it was good before a justice.

*Held,* also, that an illegal tax, voluntarily paid, can not be recovered back; and the payment is regarded as voluntary, unless it be made to the officer to procure the release of person or property from his power; and

protest at the time of payment, in connection with other circumstances, may be evidence that the payment was made for such a purpose.

APPEAL from the *Lagrange* Circuit Court.

Perkins, J.—The plaintiff filed the following complaint with a justice of the peace:

*Monday, December 9.*

"*Nathan Jenks* complains of *Lima* township, in the county of *Lagrange*, and State of *Indiana*, and says, that at a special election in said township, on the —— day of ——, 1853, the proposition was submitted to the voters of said township, to assess a special tax upon the tax payers of said township, for common school purposes therein; that they voted in favor of such assessment, and the trustees thereupon assessed, or caused to be assessed, the sum of thirty cents on each hundred dollars of valuation of property therein, and fifty cents poll tax; that the plaintiff's tax, in consequence of said assessment, was eighty dollars; that the same was placed upon the duplicate of taxes for said county, and delivered to the treasurer thereof, to be collected; and that the treasurer collected the same, and paid it over to the township. The plaintiff, also, says that such vote, levy and assessment of said special tax, was erroneous, illegal, unconstitutional and void; and that he suffered damages, in consequence thereof, to the amount of eighty dollars, for which sum he demands judgment, and other proper relief.

"James M. Flagg, *Attorney for Plaintiff.*"

The tax described in the complaint was illegal. *The City of Lafayette* v. *Jenners*, 10 Ind. 70. On appeal to the Circuit Court, the cause was dismissed for want of a sufficient complaint.

We think the Court erred in dismissing the cause. The complaint would not have been sufficiently certain, had the suit been commenced in the Circuit or Common Pleas Court, in showing that the tax had been forcibly collected; but, according to immemorial usage in this State, we think a forcible collection might have been proved under the complaint, and that it is sufficiently certain, being in an action commenced before a justice of the peace.

An illegal tax, voluntarily paid, can not be recovered back;

and the payment is regarded as voluntary, unless it be made to procure the release of person or property from the power of the officer; and protest, at the time of payment, in connection with other circumstances, may be evidence that the payment is made for such purpose. This is the rule in *England.* *Oates* v. *Hudson*, 5 Eng. L. & E. Rep. 469, and note. It is the rule in *New York.* *Silliman* v. *Wing*, 7 Hill. 159; *Fleetwood* v. *The City of New York*, 2 Sandf. 475. It is the rule in *Pennsylvania.* *The Borough of Allentown* v. *Saeger*, 20 Penn. St. Rep. 421. It is the rule in *Ohio.* *Mays* v. *The City of Cincinnati*, 1 Ohio St. Rep. 268. It is the rule in *Maine.* *Smith* v. *The Inhabitants, &c.*, 27 Maine, 145. It is the rule in *Massachusetts.* *The Boston, &c. Co.* v. *Boston*, 4 Met. 181. It is the rule in other States, as shown by citations in the cases above cited. It is the rule in the Supreme Court of the *United States.* *Elliott* v. *Swartwout*, 10 Peters, 137.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. M. Flagg*, for the appellant.

*A. Ellison*, for the appellee.