## LIMA TOWNSHIP. *v.* JENKS.

CONSTITUTIONAL LAW.—Section 130, 1 R. S. p. 454, so far as it authorized townships to levy and collect taxes for the support of common schools therein, was unconstitutional and void.

ACTION—VOLUNTARY PAYMENT.—An illegal tax involuntarily paid, can be recovered in an action; but to render the payment involuntary, it must appear that it was made to release. the person or property of the party from detention, or to prevent a seizure of either by the other party, having apparent authority to do so, without resorting to an action at law.

APPEAL from the *LaGrange* Circuit Court.

DAVISON, J.—*Jenks,* who was the plaintiff, brought an action against *Lima* township, *LaGrange* county, alleging in his complaint these facts:

At a special election in said township, in the year 1853, the proposition was submitted to the voters of that township to assess a special tax on the tax-payers of the township, for common school purposes therein. They voted in favor of such assessment, and the trustees thereupon assessed or caused to be assessed 30 cents on each 100 dollars of property therein, and 50 cents poll tax.

The plaintiff's tax, in consequence of the assessment, was 80 dollars, which was placed upon the duplicate of taxes for said county, and delivered to the treasurer thereof to be collected, who collected the same and paid it over to the township. It is averred that such vote, levy and assessment were erroneous, unconstitutional and void, and that by reason thereof the plaintiff has sustained damage to the amount of 80 dollars, wherefore, &c.

The issues were submitted to the Court, who, upon the defendant's motion to find the facts, found specially as follows:

1. That the voters of *Lima* township, in the year 1853, voted to assess a special school tax for common school pur-

purposes, of 30 cents on the 100 dollars of taxable property therein, and that such assessment was made with said vote, and placed on the tax duplicate of *La Grange* county, for collection, by the treasurer thereof.

2. That of said tax there was assessed against the real estate of the plaintiff in said township 18 dollars.

3. That while the treasurer of *La Grange* county was armed with apparent authority to collect said tax from the plaintiff, the same was paid to the treasurer by the plaintiff, under his protest and objection against paying the same. And further the Court found that said tax, so assessed, was illegal and void, and that the plaintiff is entitled in this action, to recover of and from the defendant 18 dollars.

Defendant moved for a new trial; but the motion was overruled, and judgment was rendered, &c.

The causes for a new trial are thus assigned:

1. The finding is unsustained by the evidence.

2. The Court erred in refusing to find the facts, as required by the defendant.

3. The conclusions of law, as stated by the Court, are not authorized by the facts.

The record professes to set out all the evidence, and in view of it, the appellant contends that the payment by the appellee to the county treasurer, was a voluntary payment, and the amount paid is not therefore recoverable in this action.

The evidence tends to prove these facts: The special school tax for *Lima* township, was regularly placed for collection on the proper tax duplicate of *La Grange* county, and being so on the duplicate, *Jenks*, the plaintiff, called on *Wier*, the treasurer, and objected to paying the common school tax; but was told by the treasurer that unless that tax was paid, he could not receive the balance of the taxes charged against him. The plaintiff replied that he supposed he would have

Lima Township *v.* Jenks.

to pay the school tax; that rather than have trouble and incur a penalty, he had better pay it and seek redress elsewhere. He accordingly paid the taxes, but at the time he paid them, the treasurer had not taken measures to coerce their payment nor had he threatened to do so. See 17 Ind. 326.

The township school tax, it must be conceded, was illegal. *City of LaFayette* v. *Jenners*, 10 Ind. 70. An illegal tax voluntarily paid can not be recovered back, and to make the payment of such illegal demand involuntary, it must be made to appear that it was made to release the person or property of the party from detention, or to prevent a seizure of either by the other party, having apparent authority to do so, without resorting to an action at law. *Mays* v. *Cincinnati*, 1 Ohio State Rep. 268, and cases there cited; ante 97.

Now the only question to settle in this case is, was the payment made by the plaintiff involuntary?

The treasurer, as we have seen, had in his hands the duplicate including the township taxes. This gave him full authority to collect them by sale of the plaintiff's property. 1 R. S. p. 129. It is true, he had not at the time the taxes were paid, taken measures to coerce their payment; still he was armed with authority to enforce the collection of them, and in case they were not paid, the plaintiff had a right to expect a seizure and sale of his property to satisfy the supposed indebtedness.

The authorities to which we have referred, in our opinion, apply to the case at bar, and the result is the payment in question, was not, in contemplation of law, voluntary.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Ellison*, for the appellant.