## The Town of Sullivan v. McCammon.

PAYMENT.— *Voluntary Payment.*—*Illegal Demand.*—*License to Sell Liquors in Town.*—A complaint against a town to recover money paid by the plaintiff to the defendant for a license to sell intoxicating liquors, in compliance with an invalid ordinance of the town adopted in pursuance of an invalid act of the legislature, must show that the money was not voluntarily paid.

From the Sullivan Circuit Court.

· *S. Coulson* and *J. F. Allen,* for appellant.

WORDEN, J.—Action by the appellee against the appellant, to recover back money which the appellee had paid to

·appellant for a license to vend intoxicating liquors within the town. Demurrer to the complaint for want of sufficient facts overruled, and exception. Issue, trial by the court, finding and judgment for the plaintiff.

Error is assigned upon the ruling of the court upon the demurrer to the complaint.

The complaint is as follows:

" William McCammon complains of the town of Sullivan, and says that on the 2d day of July, 1866, the said town of Sullivan adopted a certain ordinance, containing, among other things, a provision requiring all persons who might engage in the sale of intoxicating liquors in a less quantity than a quart at a time, within the corporate limits of the town of Sullivan, to procure a license therefor from the corporate authorities of the said town of Sullivan, for which such persons were required to pay to the treasurer of said town of Sullivan the sum of fifty dollars as a fee for a license for one year, for the privilege of retailing intoxicating liquors in a less quantity than a quart at a time, to be drunk on his premises within the corporate limits of the said town of Sullivan; and providing that if any such persons, within the corporate limits of the said town of Sullivan, should sell or barter, directly or indirectly, any intoxicating liquors in a less quantity than a quart at a time, or who should barter or sell any intoxicating liquors to be drunk in his house, out-house, yard or garden, or the appurtenances thereunto belonging, without having first procured such license, he should become liable and forfeit to the town of Sullivan a fine, penalty and forfeiture of not less than five nor more than ten dollars for each and every violation of such ordinance, to be recovered according to law. * * * And thereafter, to wit, on the 23d day of July, 1867, the plaintiff was desirous of dealing in such intoxicating liquors within the corporate limits of said town of Sullivan, in a less quantity than a quart at a time, and to be drunk on his premises; and for the purpose of avoiding the fines, penalties and forfeitures provided in said ordinance for the vio-

lation of the provisions thereof, and to save themselves" [himself?] " from arrest and imprisonment for the violation of said ordinance, as provided by the statute laws of the State of Indiana, was compelled to pay and did pay to the treasurer of said town of Sullivan, as provided for in said ordinance, the sum of fifty dollars for a license to sell intoxicating liquors in a less quantity than a quart at a time, and to be drunk on his premises, for the term of one year, commencing on the 23d day of July, 1867, and ending on the 22d day of July, 1868. And the plaintiff avers and charges that said ordinance was adopted and enforced by the corporate authorities of said town of Sullivan, and said money extorted from him by the defendant, without authority of law and in violation of the laws of the State of Indiana."

The complaint further alleges a demand for repayment and refusal.

The complaint does not sufficiently show that the money was not voluntarily paid, and does not state a good cause of action. See the case of *The Town of Ligonier* v. *Ackerman*, 46 Ind. 552, where the question was elaborately considered.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.

PETTIT, J., dissents.