## The Town of Edinburg *v.* Hackney.

Payment.—*Voluntary Payment.*—*Illegal Demand.*—*License to Sell Intoxicating Liquors.*—*Invalid Town Ordinance.*—Where the plaintiff had paid money to the defendant, an incorporated town, for a license to sell intoxicating liquors, pursuant to the provisions of an invalid, penal ordinance of such town, adopted under an invalid statute,—such payment having been made without protest, and not to procure the release of his person or property, and without the use of any force, fraud, menaces or intimidation by the defendant or her agents, he can not recover back the money so paid.

From the Johnson Circuit Court.

*T. W. Woollen* and *N. B. Berryman*, for appellant.

*L. J. Hackney, Jr.*, and *K. M. Hord*, for appellee.

Howk, J.—The appellee sued the appellant, before a justice of the peace of Johnson county, Indiana. There was a trial by the justice, which resulted in a finding and judgment in favor of the appellant, from which judgment an appeal was taken to the court below by the appellee. Appellant's demurrers to each paragraph of appellee's complaint were overruled by the court below, and to these decisions appellant excepted. There was then a trial of the cause by a jury, in the court below, and a verdict rendered in favor of appellee, and against appel-

lant. A motion for a new trial, in writing, was made by appellant, which motion was overruled by the court below, and to this decision appellant excepted, and judgment was rendered upon the verdict.

In this court, appellant has assigned the following errors :

1. Overruling appellant's motion for a new trial ;

2. Giving instructions Nos. 1, 2, and 3, of the court's own motion, given by the court below, and excepted to ;

3. Refusing to give instructions Nos. 1, 2, and 3, asked for by appellant, refused by the court below, and such refusal excepted to.

It appears from the record in this action, that appellant was a corporation, organized under the general law of this state, providing for the incorporation of towns, etc., approved June 11th, 1852, 1 R. S. 1876, p. 874. By an act approved March 11th, 1867, the general assembly of this state attempted to amend the 7th clause of section 22 of the said act of June 11th, 1852, so as to give towns, incorporated under the latter act, the power "to license, regulate or restrain," among other things, "the sale of spirituous, vinous, malt and other intoxicating liquors within the corporation." 3 Ind. Stat. 121.

Under the power thus conferred, the appellant, on the 7th day of October, 1867, passed "An ordinance to regulate and license the sale of spirituous, vinous, malt and other intoxicating liquors, and prescribing penalties for the violation thereof." Section 4 of said ordinance provided that, before a license should be granted the applicant therefor, he should pay appellant's treasurer "the sum of twenty-five dollars, as a fee for such license for one year." The fifth section of said ordinance provided as follows :

"SEC. 5. Any person, not being licensed according to the provisions of this ordinance, who shall sell, barter or give away, directly or indirectly, any spirituous, vinous, malt or other intoxicating liquor, within the corporate

limits of said town, or suffer the same to be drunk in his house, out-house, ware-room, cellar, yard, garden or the appurtenances thereunto belonging, except for medical or sacramental purposes, shall, upon conviction, be fined twenty-five dollars."

At and after the passage of said ordinance by appellant, appellee had been licensed by the board of commissioners of Johnson county, under the provisions of the act to regulate and license the sale of liquors, etc., approved March 5th, 1859, 1 G. & H. 614; and he had a room equipped, in said town of Edinburg, for the prosecution of said business, and had expended large sums of money in purchasing liquors and other materials, to carry on said business; and appellee desired to carry on his said business, without being annoyed and harassed by frequent arrests, prosecutions and imprisonment. And appellee averred, that by the menaces and threats of appellant's officers to prosecute him under said ordinance, and in fear of fine and imprisonment under said ordinance, he was compelled to and did pay, under protest, to appellant's treasurer, on the first day of June, 1868, the sum of twenty-five dollars as the fee for said license; and that he paid said money unwillingly, and would not have paid the same, but for said threats and well grounded fears. And the appellee further averred, that he had demanded of the trustees, treasurer and officers of appellant, said sum of money, and that the same should be refunded to him, but that the same had not been refunded.

The averments of the second paragraph of the complaint were the same as those of the first paragraph, except that they showed the payment at another time, by appellee to appellant, of another sum of twenty-five dollars for another license fee, under the same ordinance, and made under like circumstances.

In the case of *The Town of Martinsville* v. *Frieze*, 33 Ind. 507, this court held, that the act of March 11th, 1867, to amend the 7th clause of section 22 of the act for

the incorporation of towns, etc., approved June 11th, 1852, *supra*, was not in conformity with the requirements of section 21, of article 4, of the constitution of this state, and was therefore void. It follows of necessity, that appellant's board of trustees had no power to pass the ordinance before referred to, or to exact from appellee the payment of the license fees, mentioned in his complaint.

The real question in this action, for our consideration and decision, is this: were the sums of money, which were paid to appellant as license fees, under the facts and circumstances of this case, voluntarily paid by appellee? If these moneys were voluntarily paid, they can not be recovered back by appellee, although the appellant had no legal right to demand the payment of such moneys. In our opinion, this question is fairly presented by the first error assigned,—the overruling of appellant's motion for a new trial. The causes assigned for such new trial were numerous, but the second and third causes related especially to the question now under consideration. These were as follows:

2. The verdict was contrary to law; and,

3. The verdict was not sustained by sufficient evidence.

The evidence on the trial is all in the record; and we must examine this evidence, in order to determine the character of the payments made by appellee. Were these payments voluntarily made—or, were they made for the purpose of procuring the release of appellee's person or property from the power of appellant's officers?

Appellee testified, in his own behalf, on the trial; and as his testimony contains a full statement of the circumstances under which these payments were made, and a fair indication of the character of the payments, we will set it out at length.

"I am plaintiff in this case. In 1867 or 1868, I resided in Edinburg. I was keeping a saloon. I kept about four years, from 1866; I think I kept a saloon in '68 and '69. I paid Mr. Sims money; he was marshal of the town. I

am not sure, but I think I paid fifty dollars,—twenty-five dollars each time. The money was paid at my saloon. He came to me and told me he was directed by the board of the town to collect a license of twenty-five dollars. I told Mr. Sims, I would have to pay it, I supposed, but did not like to. I heard of the passage of the ordinance of the town. I was keeping saloon within the corporate limits of the town. Several of the officers of the town had talked to me, and had had a law-suit over it. Mr. Berryman spoke to me about it; he was then town prosecutor. Mr. Berryman called to see me one morning, or I met him on the street, and told me the town board had come to the conclusion that they would let us off with twenty-five dollars, and it would be better for whiskey sellers to pay it, than go to law. I talked with no other town officials, as I remember. I never talked to Sims about it, except those two times. He said the money was for license to sell whiskey in Edinburg. I was licensed under the state law at that time. I do not remember the date of the payments. I made demand of treasurer of board of Edinburg for the money the same week this suit was brought,—a week before this suit was brought. I attended the meeting of town council, or board of trustees, and demanded this money.

"The first payment for license, I disremember. I lost my receipt. I could not state what year. I am not confident whether I made both payments to Sims, or first one to Berryman in front of my saloon. I had been talking to no one but Berryman about it at that time. I did not meet with town board in May, 186–, and have Mr. Kelley make a proposition to settle the matter. I never was before the board with Kelley. Kelley may have been there, but I was not,—don't recollect of any one being present for me. I never was present in board, in 1868, when this matter was talked about. In 1868, I never had any conversation with any town official, except with Berryman,—and do not recollect when, where, or what was

said in that conversation. The second conversation was when I paid money to Berryman. I had no conversation after the first one, with any official, until this second conversation, when I paid Berryman the money. All I recollect was—Berryman came to me and said, board had come to some conclusion about the matter, and would charge twenty-five dollars. I did not pay the first time, but did the second time. I do not recollect what was said at the time I paid the money to Berryman. I paid Sims in 1869. I had no conversation about payment, that I know of, in 1869, until I paid to Sims. I told him, I did not like to pay the money, but I reckoned I would have to. That was all that was said to me, in 1869, about the matter."

This is the whole story, as it was told by the appellee, under the sanction of his oath, in the court below. There were no menaces, no threats, no force, no compulsion. There was no seizure of appellee's person or property. The first payment was made upon the mere suggestion of appellant's attorney, not an officer of the town, that it would be better for the whiskey sellers to pay the license fee than go to law. And the second payment was made to the marshal of the town, when he told the appellee that he was directed by the board of the town to collect the fee, with a remark by the appellee that he did not like to pay the money, but he reckoned he would have to. It is impossible, we think, to read the testimony of appellee, (and his testimony gives the best and most favorable view for him of his side of this suit,) without coming to the conclusion that he voluntarily paid these license fees to the appellant, and that these payments were not made by him for the purpose of procuring the release of either his person or his property, from the power of appellant's officers. The law is well settled in this state, that payments made, as these were made, can not be recovered back. *Jenks* v. *Lima Township*, 17 Ind. 326; *Lima Township* v. *Jenks*, 20 Ind. 301.

In The *Lafayette and Indianapolis Railroad Co.* v. *Pattison,* 41 Ind. 312, this court held that where money is paid with a full knowledge of all the facts and circumstances upon which it is demanded, or with the means of such knowledge, such money can not be recovered back upon the ground that the party making such payment supposed he was bound in law to pay it, when in truth he was not so bound. Nor can money, voluntarily paid on demand, upon an unjust or illegal claim, be recovered back, where the party paying has full knowledge, or the means of such knowledge, of all the facts.

The case of *The Town of Ligonier* v. *Ackerman,* 46 Ind. 552, was very similar, in its facts and circumstances, to the case now under consideration. In the case cited, after a full and very elaborate examination of all the authorities bearing on the question, it was held by this court, in substance, that if a party pay an illegal demand made against him, without legal compulsion, with a full knowledge of all the facts, and without fraud or imposition of any kind, he can not recover back or reclaim the money thus paid. Where a town, in good faith, passed an ordinance, under the power supposed to have been conferred on towns by the act amendatory of the 7th clause of section 22 of the act for the incorporation of towns, etc., (3 Ind. stat. 121,) requiring a license for the sale of intoxicating liquors,—a person who obtained such license, and voluntarily paid the fees for such license, without force or compulsion of any kind, can not recover back the money thus paid, although the amendatory act aforesaid, and the ordinance passed by the town in conformity with said act, were invalid and void. A mere apprehension in the mind of a party, that legal proceedings may or will be instituted against him if he does not pay the license fees, will not make the payment thereof compulsory; and where the payment is made, under a threatened prosecution, it must be made under protest, to enable the party to reclaim the money.

*The Town of Sullivan* v. *McCammon,* 51 Ind. 264, was a case founded upon the same state of facts as are set forth in the complaint in this action. That case was decided upon a demurrer to the complaint, for the want of sufficient facts to constitute a cause of action. And that complaint made a much stronger case for the plaintiff in that action, than appellee's own testimony, in his own behalf, made for him in this cause. Upon the point under consideration, the averments of that complaint were as follows: that plaintiff, "for the purpose of avoiding the fines, penalties and forfeitures provided in said ordinance for the violation of the provisions thereof, and to save" himself from "arrest and imprisonment for the violation of said ordinance, as provided by the statute laws of the state of Indiana, was compelled to pay and did pay to the treasurer of said town of Sullivan, as provided for in said ordinance, the sum of fifty dollars for a license to sell intoxicating liquors in a less quantity than a quart at a time, and to be drunk on his premises, for the term of one year, commencing on the 23d day of July, 1867, and ending on the 22d day of July, 1868."

The demurrer of the Town of Sullivan to that complaint was overruled, and exception saved; and on appeal, the error assigned in this court was the decision of the lower court upon this demurrer to the complaint. And it was held by this court in that case, upon the authority of the case of *The Town of Ligonier* v. *Ackerman, supra,* that "the complaint does not sufficiently show that the money was not voluntarily paid, and does not state a good cause of action."

In this case, there is no question presented upon the weight of evidence, but all the evidence on the trial, including appellee's own testimony, showed conclusively, in our opinion, that the payments of the license fees, by appellee to appellant, were made voluntarily by the appellee, within the legal acceptation of voluntary payments, and that they were not procured to be made by or

through force, fraud, menaces or intimidation, nor were they made for the purpose of procuring the release of appellee's person or property from the power of appellant's officers.

In our opinion, therefore, the court below erred in overruling appellant's motion for a new trial.

The judgment of the court below is reversed, at the costs of the appellee, and cause remanded, with instructions to the court to sustain appellant's motion for a new trial, and for other proceedings.