## THE TOWN OF BRAZIL v. KRESS.

PAYMENT.—*Voluntary Payment.*—*Pleading.*—*Cities and Towns.*—*Liquor License.*—In an action to recover moneys, paid by the plaintiff to the defendant, a town, for a license to sell intoxicating liquors, under an invalid penal ordinance of the latter, adopted under a void statute, the complaint averred that such payment was made "for the purpose of avoiding the penalty and forfeiture," etc., "and to save himself from arrest and imprisonment for violating the provisions of said ordinance, as provided for by statute."

*Held,* that such complaint does not show that such payment was not voluntary, and is therefore bad on demurrer for want of sufficient facts.

SAME.—*Cases Overruled.*—The cases of *The Town of Princeton* v. *Vierling,* 40 Ind. 340, and *The Town of Ligonier* v. *Ackerman,* 46 Ind. 552, are overruled, in so far as they conflict with the above decision.

CITIES AND TOWNS.—*Pleading.*—*Presumption.*—In an action against a town, the contrary not appearing by the complaint or otherwise, it will be presumed that such defendant was incorporated under the general law of this State for the incorporation of towns.

SUPREME COURT.—*Practice.*—*Sufficiency of Complaint.*—The sufficiency of the complaint in an action may be questioned, for the first time, in the Supreme Court, on appeal thereto, by assigning, as error, its insufficiency.

From the Clay Circuit Court.

*S. W. Curtis* and *B. S. Henderson,* for appellant.

*G. A. Knight* and *I. M. Compton,* for appellee.

HOWK, J.—The appellee was the plaintiff, and the appellant was the defendant, in this action, in the court below.

In his complaint, the appellee alleged, in substance, that on the 2d day of April, 1868, the appellant, by its then board of trustees, adopted a certain ordinance, con-

taining, among other things, a provision requiring all persons, who might engage in the sale of intoxicating liquors, within appellant's corporate limits, in a quantity less than a quart at a time, to procure a license therefor from appellant's corporate authorities, for which said person was required to pay, to appellant's proper officer, the sum of one hundred dollars, and providing, that, if any person should so sell any intoxicating liquors, within appellant's corporate limits, without having first procured such license, he should become liable, and forfeit to appellant, a fine, penalty and forfeiture of not less than one dollar, nor more than ten dollars, for each offence, to be recovered according to law, and a copy of said ordinance was filed with and made part of the complaint; that, afterward, on the — day of June, 1868, the appellee was desirous of pursuing the business of dealing in such intoxicating liquors, in said town of Brazil, and retailing the same in quantities less than a quart at a time, and for the purpose of avoiding the penalty and forfeiture, provided for in said ordinance for the violation of the provisions thereof, and to save himself from arrest and imprisonment for violation of the provisions of said ordinance, as provided by statute, he was compelled to and did pay to appellant's treasurer, as provided for in said ordinance, the sum of one hundred dollars, in June, 1868, and a like sum in June, 1870, making a total sum of two hundred dollars, paid by appellee for a license to sell intoxicating liquors, in said town, under said ordinance. And appellee averred, that said ordinance was adopted and enforced by appellant's authorities, and said moneys were extorted from appellee, by them, without right, and in violation of the laws of Indiana; that afterwards, on the — day of March, 1873, at a meeting of appellant's board of trustees, appellee demanded that said moneys should be refunded; that said board of trustees refused to comply with appellee's reasonable request; and appellee said, that the appellant was indebted to him in said sum of two hundred dol-

lars, and interest thereon from dates of payment, as and for so much money had and received and extorted from appellee, for his use, which was then due and remained wholly unpaid. And appellee demanded judgment for three hundred dollars, and for other proper relief.

The ordinance, a copy of which was filed with and made a part of appellee's complaint, was adopted by appellant's board of trustees, on April 2d, 1868, and was entitled "An ordinance regulating the retailing of spirituous, vinous or malt liquors, repealing all former ordinances on the subject, and prescribing a penalty for violations thereof."

Section 1 provided, that no person should sell or barter, directly or indirectly, any intoxicating liquors, in a less quantity than a quart at a time, within the corporate limits of the town of Brazil, without having first procured from appellant's board of trustees a license, as provided in said ordinance; nor should any person, without having first procured such license, sell or barter any intoxicating liquors, to be drank or suffered to be drank in his house, out-house, yard, garden or the appurtenances thereto belonging.

Section 2 defined the words, "intoxicating liquors," as used in the ordinance.

Section 3 prescribed who might be licensed, and the mode of procuring a license.

Section 4 required that license should be granted to the applicant therefor, upon his showing that he had given the requisite notice, and that he was a man of good character and fit to be trusted with such license.

Section 5 fixed the license fee at one hundred dollars for one year.

Section 6 prescribed what the license should contain.

Section 7 limited the term of the license to one year.

Sections 8 and 9 are not in the record.

" Section 10. Any person, not being licensed according to the provisions of this ordinance, who shall sell or

barter, directly or indirectly, any intoxicating liquors, in a quantity less than a quart at a time, or who shall sell or barter any intoxicating liquors, to be drank or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be fined in any sum not less than one dollar, nor more than ten dollars, for each offence."

Sections 11, 12, 13 and 14 are not in the record.

Appellant demurred to appellee's complaint, for the want of sufficient facts therein to constitute a cause of action; which demurrer was overruled by the court below. And the court below, for the want of an answer by appellant, assessed the appellee's damages against the appellant at two hundred and forty-eight dollars, and rendered the judgment accordingly from which this appeal is now here prosecuted.

In this court, the appellant has assigned the following alleged errors:

1. The appellee's complaint does not state facts sufficient to constitute a good cause of action against the appellant;

2. The court below erred, in overruling appellant's demurrer to appellee's complaint.

No exception was saved by appellant to the decision of the court below, in overruling its demurrer to appellee's complaint. But it is well settled, that a question, as to the sufficiency of the facts stated in a complaint to constitute a cause of action, is not waived by a failure to demur on that ground, or to except to the overruling of such demurrer, in the lower court, so as to prevent the consideration of such question by this court. *Davis* v. *Perry,* 41 Ind. 305; *Scott* v. *The Indianapolis Wagon Works,* 48 Ind. 75. On appeal to this court, the appellant may, as the appellant has done in this case, assign, as error, that the complaint does not state facts sufficient to constitute a cause of action. The sufficiency of the facts stated in ap-

pellee's complaint, in this case, to constitute a cause of action against the appellant, is, therefore, properly presented by the first alleged error, and it is the only question before us, for consideration and decision.

The appellant is sued as an incorporated town; but it is not averred in the complaint, nor does it elsewhere appear in the record, under what law the appellant was incorporated. In the case of *The City of Logansport* v. *Wright*, 25 Ind. 512, it was held, by this court, that, in an action where a city is a party, it will be presumed, nothing appearing to the contrary, that it is incorporated under the general law of the State for the incorporation of cities. Adopting the doctrine of that case, and applying it to the case at bar, we hold that it will be presumed in this case, nothing appearing to the contrary, that the appellant was and is incorporated under the general law of this State, providing for the incorporation of towns, etc., approved June 11th, 1852. 1 R. S. 1876, p. 874.

The General Assembly of this State, by an act approved March 11th, 1867, undertook to amend the 7th clause of section 22 of the said general law for the incorporation of towns, etc., approved June 11th, 1852, so that towns, incorporated under said general law, might have the power "to license, regulate or restrain," among other things, "the sale of spirituous, vinous, malt and other intoxicating liquors within the corporation." 3 Ind. Stat. p. 121.

Under the power, which, it was supposed, had been conferred on such incorporated towns, by this amendatory act of March 11th, 1867, the appellant's board of trustees adopted the ordinance, a copy of which was filed with and made part of appellee's complaint in this action, to regulate the retailing of spirituous, vinous or malt liquors, and prescribing penalties for violations thereof, within the town of Brazil. And it was under the requirements of this ordinance, so adopted by appellant's board of trustees, in pursuance of the supposed power conferred by said

amendatory act of March 11th, 1867, that the appellee paid the appellant, as license fees, the sums of money mentioned in, and sought to be recovered back by, appellee's complaint in this action.

It was decided by this court, in the case of *Town of Martinsville* v. *Frieze*, 33 Ind. 507, that the act of March 11th, 1867, to amend the 7th clause of section 22 of the general law for the incorporation of towns, etc., approved June 11th, 1852, *supra*, was not in conformity with the requirements of section 21, of article 4, of the constitution of this State, and was therefore void. The appellant's board of trustees had, therefore, no power whatever to adopt the ordinance, or to exact from appellee the payment of the license fees, mentioned in his complaint, but the ordinance in question was void, and the demands of appellant for license fees thereunder were wholly unauthorized by law.

The question now arises,—and it is the controlling question in this cause,—under the facts stated in the appellee's complaint, were the sums of money, which appellee paid the appellant for license fees, voluntary payments by appellee? If the appellee voluntarily paid the appellant the sums of money mentioned in his complaint, for license fees, he can not recover back the said sums of money, although the appellant demanded and received said moneys without any authority of law for so doing. The true test for determining the character of appellee's payments to appellant is this : Does it appear from the averments of appellee's complaint, that his payments to appellant were made for the purpose of procuring the release of appellee's person or property from the power of appellant's officers ? If it does so appear, appellee's payments were not voluntary, and he would have a good cause of action to recover them back. But if it does not so appear, then the appellee's payments were voluntary, and his complaint does not state facts sufficient to constitute a

cause of action against the appellant, for the recovery back of such payments.

Appellee alleged, in his complaint, that he paid the appellant the sums of money mentioned therein, "for the purpose of avoiding the penalty and forfeiture, provided for in said ordinance, for the violation of the provisions thereof, and to save himself from arrest and imprisonment for violating the provisions of said ordinance, as provided by statute."

This language is almost identical, word for word, with the language used by the appellee, in the case of *The Town of Sullivan* v. *McCammon*, 51 Ind. 264; in which case, upon the authority of the case of *The Town of Ligonier* v. *Ackerman*, 46 Ind. 552, it was held by this court, that "the complaint does not sufficiently show that the money was not voluntarily paid, and does not state a good cause of action." And see, also, the case of *The Town of Edinburg* v. *Hackney*, 54 Ind. 83, decided at the present term of this court, which is directly in point.

In the case at bar, we hold, that, under the averments of the appellee's complaint, his payments of the license fees, to the appellant, were voluntary payments, within the legal meaning of that term; and, therefore, that his complaint does not state facts sufficient to constitute a cause of action against the appellant.

The case of *The Town of Princeton* v. *Vierling*, 40 Ind. 340, and so much of the case of *The Town of Ligonier* v. *Ackerman*, 46 Ind. 552, as approves of the decision of the former case, are overruled.

The judgment of the court below is therefore reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to appellee's complaint, and for further proceedings in accordance with this opinion.