### . COLGLAIZER *v.* THE TOWN OF SALEM.

TOWN.—*Ordinance Requiring License to Retail.*—*Voluntary Payment.*—*Complaint.*—*Duress.*—In an action against an incorporated town, to recover back money paid to the defendant, by the plaintiff, for a license to retail intoxicating liquors, as required by an ordinance of such town, the plaintiff alleged in his complaint, that, " by reason of threats and menaces", made by the " defendant's officers, to prosecute him under said ordinance, and in fear of arrest, fine and imprisonment," etc., he had involuntarily paid the same.

*Held,* on demurrer, that such payment was voluntary, and that therefore the complaint is insufficient on demurrer.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellant.

*W. H. Thompson, A. B. Collins* and *S. B. Voyles,* for appellee.

PERKINS, J.—Suit by the appellant, against the appellee, to recover back one hundred dollars, paid by the former to the latter.

The complaint alleges, that the appellant was duly licensed by the board of county commissioners, to retail spirituous, etc., liquors; that the town of Salem passed an ordinance requiring a license from said corporation to retail, for which the sum of one hundred dollars was to be paid; and that, " by reason of threats and menaces of defendant's officers, to prosecute him under said ordinance, and in fear of arrest, fine and imprisonment," etc., he did involuntarily pay said sum of one hundred dollars, for which he asks judgment, etc.

A demurrer to the complaint was sustained.

Final judgment for the appellee.

The ruling upon demurrer is assigned for error in this court.

The ruling was not erroneous. *The Town of Brazil* v. *Kress,* 55 Ind. 14, and cases cited; *Snyder* v. *Braden,* 58 Ind. 143. These cases show what is not duress, and the present case falls within them.

The following cases show what is duress. *Jenks* v. *Lima Township*, 17 Ind. 326; *Lima Township* v. *Jenks*, 20 Ind. 301; *Brooks* v. *Berryhill*, 20 Ind. 97; *The Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312.

In the case before us, the town of Salem had adopted an ordinance imposing penalties for retailing without license.

The mode of enforcing the ordinances of municipal corporations is by suit for the penalties incurred by breaches thereof. *Green* v. *The City of Indianapolis*, 22 Ind. 192; *Green* v. *The City of Indianapolis*, 25 Ind. 490; *Whitson* v. *The City of Franklin*, 34 Ind. 392; *The City of Huntington* v. *Pease*, 56 Ind. 305.

If the appellant, therefore, in the case before us, failed to take out license, and sold without license, he exposed himself to a suit for the penalty, which suit he could have defended, and in which he could have tested the validity of the ordinance. Such suit is what he was threatened with, as we must understand, and such threats constituted the duress complained of in this suit, under which he paid the amount demanded for license. The case is this: The town of Salem adopted an ordinance requiring a license, and imposing a penalty for failing to comply with the requisition. The appellant believed the ordinance void. He thought he could test its validity in either of two ways, viz.: by resisting a suit for the penalty, or by paying the license money and then suing to recover it back. He voluntarily chose the latter course. The payment was voluntary, though made under a mistaken idea of the law touching the right to recover back the amount thus paid.

It can not be recovered back. *Snyder* v. *Braden, supra*, and *The Lafayette, etc., R. R. Co.* v. *Pattison, supra*.

The judgment is affirmed, with costs.