Thompson v. Doty.

No. 6966.

THOMPSON v. DOTY.

VOLUNTARY PAYMENT.—Money voluntarily paid to an officer can not be recovered, even though paid under fear of a threatened prosecution.

SAME.—*Costs Erroneously Assessed.*—*Pleading.*—When a party voluntarily pays a bill of costs taxed against him by the clerk of a court, he can not afterward recover them, nor have them re-taxed on a complaint that they were erroneous and illegal, when it is not shown that there was any compulsion, or mistake of fact by the clerk, nor any fraudulent or wrongful purpose to do the plaintiff a wrong.

OFFICER.—*County Clerk.*—*Presumptions.*—A clerk is entitled to the benefit of the presumptions of good faith and correctness in his official acts, until such presumptions are overthrown by opposing facts properly pleaded.

COSTS.—*Mistake.*—*Pleading.*—*Demand.*—A complaint to recover costs voluntarily paid by the plaintiff, which were erroneously taxed by the clerk through mistake, is bad, unless it avers a demand made before suit.

SAME.—*Fees and Salaries.*—*Practice.*—The fee and salary act of 1875 confers no right to recover costs in cases where such a right did not previously exist under the general rules of law, and does not authorize the recovery of money paid upon a judgment for costs, upon motion.

RECOVERY OF MONEY.—*Action for.*—Unless there is a clear statutory provision to the contrary, one seeking the recovery of money, through judicial intervention, must do so by an action begun and prosecuted under the ordinary rules of civil practice.

SAME.—Recovery is not allowed upon motion, but upon complaint or declaration.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.

*W. H. Barnett*, *E. P. Ferris* and *W. W. Spencer*, for appellee.

ELLIOTT, J.—On the 13th day of April, 1877, the appellee filed in the Johnson Circuit Court a pleading which he denominated a complaint and motion to re-tax costs. The pleading is a peculiar one. Its material allegations may be stated, in substance, as follows: That at the April term, 1876, of the Johnson Circuit Court, the appellee was sued;

Thompson *v.* Doty.

that appellant, then the clerk of said court, taxed the costs of said action against the appellee at the sum of $15.60; that all costs have been paid; that the sum of $7.10 of the costs taxed and paid "is erroneous and illegal;" and that the legal fees which accrued to the clerk amount to the sum of three dollars and no more. The prayer is that the costs may be re-taxed, and that if this can not be done the appellee have judgment. Exhibits are annexed to the complaint; but, as has been held over and over again, as the matters therein contained do not constitute the foundation of the pleading, they form no part of it, and can not give it the slightest aid or support.

There is no allegation that the costs were not voluntarily paid, nor is there any pretence that there was any ignorance of the facts, or any concealment or misrepresentation by the appellant. It is not claimed that there was any charge for services not performed. There is nothing from which a wrongful act upon the part of the appellant can be inferred. The utmost stretch of construction will not make the complaint mean that there was any ignorance of fact. There was no legal process, no attempt at extortion, no misrepresentation, no demand as a condition precedent to the yielding of a legal right. We can see no reason for taking this case out of the ordinary rule, that money voluntarily paid can not be recovered back, where there is no compulsion and no mistake of fact. The authorities are collected in *The Town of Edinburg* v. *Hackney*, 54 Ind. 83, and leave no room for further discussion upon the question that money voluntarily paid to an officer can not be recovered back, even though paid under fear of a threatened prosecution. In the case of *The Town of Brazil* v. *Kress*, 55 Ind. 14, the rule was again strongly asserted in the opinion of the court, delivered by HOWK, J., and the case of *The Town of Princeton* v. *Vierling*, 40 Ind. 340, expressly overruled, as was also, in

VOL. 72.—22

Thompson *v.* Doty.

part, the case of *The Town of Ligonier* v. *Ackerman*, 46 Ind. 552.

There is not the slightest intimation that the appellant acted from any corrupt motive. It is not even claimed that the appellant knowingly made a wrong taxation of costs. The allegation is, that the costs taxed were "erroneous and illegal," and we can not, from this, infer that there was a corrupt motive, a demand by color of office, or any kind of compulsion. "Illégal" means that which lacks authority of or support from law. *The People, ex rel.*, v. *Kelly*, 1 Abb. Pr., N. s. 432. "Erroneous" means deviating from the law. Both terms have, sometimes, other significations attached, but in legal proceedings the meaning we have assigned is that generally annexed to them. Courts often speak of erroneous rulings, and always as meaning such as deviate from or are contrary to the law, but the term "erroneous" is never used by courts or law-writers as designating a corrupt or evil act. The expression "erroneous and illegal" can only be taken to mean deviation from the law because of a mistaken construction of the law. The case in hand is entirely unlike that where misrepresentations are made by itemized bills; where services never rendered are charged for; where the money is exacted as a condition precedent to the performance of an official act, or where the money is paid under protest. To such cases we do not mean to apply the doctrine that money voluntarily paid may not be recovered back, but from them we carefully distinguish the present, and apply the rule only to cases substantially the same as that at bar. The particulars of the act characterized as "illegal and erroneous" are not stated. There is no allegation showing whether the mistake was of fact or of law. We can not, therefore, infer that there was anything more than an erroneous view of the law adopted by the parties. There is no protest, no remonstrance; the good faith of the officer is not assailed; there was no exaction by color of office, no con-

cealment, no false charges ; there is an utter absence of all these elements.

Where an officer falsely states the items of fees, or where he demands them as a condition precedent to the performance of some official act, or where they are paid under protest and upon compulsion, a very different rule applies than that which obtains in such a case as the present.

The inference from the complaint is that the error of appellant was one of law. There are no allegations showing even inferentially that the officer acted upon an erroneous assumption of fact. The only allegation tending to show any wrong on his part is, that "the taxation was erroneous and illegal." The officer is entitled to the benefit of the presumption in favor of good faith, as well as to that in favor of the due performance of official acts, and these presumptions must stand in his support until they are overthrown by opposing facts properly pleaded. These presumptions require that we should hold, where there is, as here, an entire absence of any showing to the contrary, that the erroneous taxation of costs arose from a mistake of law, and not from any fraudulent or wrongful purpose to do the appellee a wrong.

The pleading of appellee is bad because it does not aver a demand. Giving the facts stated the most favorable construction in favor of appellant possible, a construction far more favorable than the rules of pleading warrant, they show no more than an honest mistake, and do not repel the inference that the appellee, with full knowledge, voluntarily paid the costs. In such a case, justice requires that an officer should, before action is instituted, be notified of the claim against him, and opportunity afforded him to refund that which was received through mistake. To hold otherwise would be to incite litigation and to subject public officers, who had committed no moral wrong, but whose act, if wrong at all, was so through a mere mistake, to the vexation

and burden of litigation without having been put in default by a demand.   Of course, a different rule does and ought to apply where there is a positive wrong, as where the officer acts fraudulently, corruptly or oppressively, or where he knowingly makes an illegal taxation of costs.

The proceeding adopted by the appellee, in the present instance, is not to be confounded with an ordinary motion to re-tax costs, for in the latter case the officer has received nothing, and the party resisting the payment of the costs done nothing, affirming the act of the officer taxing the costs ; but in the present case the party has affirmed the act of the officer by a voluntary payment of the costs taxed against him, and no protest or complaint was made by him until long afterward.

Appellee relies upon section 40 of the fee and salary bill of 1875.   That section provides that the court, "If a question arise concerning any bill of costs, or if the person charged therewith shall allege payment thereof, shall, upon motion of any party interested therein, and reasonable notice thereof, determine according to the rights of the parties thereto, and make orders accordingly."   1 R. S. 1876, p. 479.

Conceding that this statute confers the right to proceed by motion to recover costs which have been paid, it does not change, nor does it profess to change, any of the ordinary rules of law.   The determination, as the statute expressly declares, "shall be according to the rights of the parties," meaning, very plainly, the rights defined and secured by the ordinary rules of law.   There is nothing in this statute, which confers a right to recover such costs in cases where such a right did not previously exist under the general rules of law as declared not only by statute, but also by the adjudged cases.   For the right to recover, and the rules by which it is governed, we must look to the general principles declared in the judgments of the courts, and not merely to the statute.

We do not think the statute will bear the construction put

Thompson *v.* Doty.

upon it by appellee. The Legislature did not intend to give a summary remedy for the recovery back of costs which had been paid. Neither the letter nor the spirit of the act warrants the conclusion, that the Legislature meant that money, paid upon a judgment for costs, should be recovered back upon motion. The language is, "when any question shall arise concerning any bill of costs," the court may proceed upon motion, but this does not mean any claim for the recovery back of money paid in discharge of a judgment for costs. If the construction contended for by appellant is correct, then years afterward the complaining party might come in, and, on motion, recover back money paid upon an erroneous taxation of costs. The very use of the word *recovery* shows that the appellee's theory is unsound. Recovery is not allowed upon motion, but upon complaint or declaration. A litigant may, by motion, succeed in securing orders directing the performance of acts, as the re-taxing of costs, the issuing of process, and the like, but he can not recover money except by an action. Our law term "former recovery" does not, in its ordinary signification, mean a decision upon a motion, and the word "recovery," therefore, means much more than an order upon a mere motion. *Belmont* v. *Erie R. R. Co.*, 52 Barb. 637 ; *Ackerly* v. *Vilas*, 5 Chicago L. News, 73 ; *Simson* v. *Hart*, 14 Johns. 75.

That there are exceptional cases, where the determination of a motion will be deemed conclusive, is probably true, but these prove nothing against the general proposition, that, where one seeks the aid of a court to obtain money from another, he must proceed by complaint, and must put his cause into the form of an ordinary civil action for the recovery of money. Unless there is a clear statutory provision to the contrary, it must always be held, that one seeking the recovery of money, through judicial intervention, must do so by an action begun and prosecuted under the ordinary rules of civil procedure.

Judgment reversed, at costs of the appellee.