No. 6967.

THOMPSON *v.* JACOBS ET AL.

COSTS.—*Motion to Re-Tax.— Pleading.— Complaint.— Demurrer.— Money Voluntarily Paid.*—Where a complaint, considered as a motion to re-tax costs, shows that there was no claim pending in relation to the costs, that they had all been paid, and that the clerk was not claiming anything more as due, it is insufficient on demurrer; and where such complaint fails to show that the payment of costs was made by the plaintiffs therein, and that it was not paid voluntarily, it is insufficient as a complaint to recover back the alleged illegal costs.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.
*W. H. Barnett*, for appellees.

Thompson *v.* Jacobs *et al.*

FRANKLIN, C.—Appellees filed as a cause of action the following: "The plaintiffs say that at the September term of the Johnson Circuit Court, these plaintiffs filed an application for partition of the lands of Peter D. Jacobs, deceased, and an order was made for said partition, and commissioners were appointed to make said partition, who filed their report at the same term, and an order was made by said court confirming said partition. And that the defendant, who was then and there the clerk of said court, taxed the costs in said case at the sum of $53.50, which costs have all been paid by the parties. A copy of the fee bill as taxed and made out by said clerk is filed herewith and made a part hereof. And plaintiffs aver that $12.50 of the clerk's fees as taxed and collected by the defendant is erroneous and illegal; that the legal fees in said case which accrued to said clerk was only the sum of $6.85, instead of $19.35, as shown by the correction and legal taxation of said fees filed herewith and made a part hereof. Wherefore the plaintiffs move the court for a re-taxation of said fees, and that the defendant be ordered to pay back to said plaintiffs the said sum of $12.50, or, if that can not be done, that a judgment be rendered against said clerk in favor of the plaintiffs, for the said sum of $12.50, and for costs, and for all other proper relief."

Following which are two taxations of the costs; one we suppose to have been made by the clerk, and the other by the plaintiffs. To which cause of action a demurrer was filed by the defendant, overruled, and excepted to. Judgment for appellees.

As a motion to re-tax the costs, the cause of action was entirely nugatory. There was no claim pending in relation to the costs; the cause of action shows that they had all been paid, and it does not allege that the clerk was claiming anything more on the costs.

As a complaint to recover back the money, we think it insufficient; it alleges that the costs were paid by the parties, but does not show by what parties, or that the plaintiffs or either of them paid any part thereof. Neither does it show but that the payment was voluntarily made, and, if so, can not be recovered back. *Thompson* v. *Doty*, 72 Ind. 336; *The Town of Brazil* v. *Kress*, 55 Ind. 14; *Town of Edinburg* v. *Hackney*, 54 Ind. 83; *Stedman* v. *Boone*, 49 Ind. 469; *The Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312.

The court erred in overruling the demurrer to the cause of action.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things, reversed, at costs of appellees.