Board of Commissioners of Monroe County v. Kreuger.

No. 9789.

BOARD OF COMMISSIONERS OF MONROE COUNTY v. KREUGER.

INTOXICATING LIQUOR.— *License.— Refunding of.— Voluntary Payment.—* Where an applicant is granted a license by the county board to retail liquors, under the act of 1875 (R. S. 1881, sections 5312–5323), pays

the fee and takes the license, and on appeal to the circuit court the license is refused within the year covered by the license, the county board is not bound to repay to him any part of the money, the payment by him having been voluntary.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

MORRIS, C.—The appellee presented to the board of commissioners of Monroe county the following claim for allowance :

" *To the Honorable Board of Commissioners of Monroe County :*

"August Kreuger would respectfully show to the court that on the 7th day of February, 1881, the auditor of Monroe county, in pursuance of the order of said board, made at its December term, 1880, issued to him a license for one year from said 7th day of February, 1881, to sell intoxicating liquors, to wit, spirituous, vinous and malt liquors, in a less quantity than a quart at a time, to be drunk on the premises, in the application and license described ; that said Kreuger paid to the treasurer of said county the sum of $100 for said license ; that the remonstrants before said board, against the granting of said license, appealed said cause to the circuit court, where said appeal was tried and judgment was rendered revoking said license, on the 6th day of May, 1881 ; that said judgment is unappealed from, and if this petition is granted will not be appealed from. Wherefore said Kreuger asks that the said board make an order directing said auditor to issue a warrant on the treasurer of said county in his favor for $74.-50, for the time which he can not, for the reason aforesaid, sell under said license."

The claim was duly verified. The board refused to allow the claim. The appellee appealed to the circuit court. In the circuit court the board demurred to the claim or complaint of the appellee. The court overruled the demurrer, and the appellant electing to stand by its demurrer, final judgment was

rendered for the appellee in the sum of $74.50, to which the appellant objected.

The sustaining of the demurrer to the complaint is assigned as error.

The question presented for decision here is, was Monroe county, upon the facts stated, legally bound to refund to the appellee $74.50, being part of the $100 paid by him to the treasurer of the county for a license to sell intoxicating liquors for one year, the license having been revoked upon appeal, some three months after it had been issued.

The proviso to the 4th section of the act of 1875, Acts 1875, Spec. Sess., p. 56, is as follows: "*Provided,* That no appeal taken by any person from the order of the board granting such license shall operate to estop the person receiving such license from selling intoxicating liquor thereunder, until the close of the next term of the court in which such appeal is pending, at which such cause might be lawfully tried. And he shall not be liable as a seller without license for sales made during the pendency of such appeal, but he shall be liable for the violation of any of the provisions of this act during such time, the same as if regularly licensed."

Whether the appellee paid his money and procured his license before or after the remonstrants appealed from the order of the board granting it, does not appear, nor is it material that it should; for, in either case, he must be held to have paid it voluntarily and without legal compulsion. It was for the appellee to decide for himself whether he would pay out his money upon the order of the board granting the license, or wait until the final determination of his application on appeal. He chose, without compulsion, to pay the $100 and take the license upon the order of the board. His confidence in the merits of his application and his desire to engage in business at once may have determined his choice, but he must be understood to have acted in view of the right of the remonstrants to appeal, and with reference to the results

that might follow. He knew that in making the order the board was acting judicially and at his instance; he also knew that in thus acting upon his application, the board had no power to create any obligation that would be in any way binding upon the county. The auditor, in issuing the license, was simply performing a ministerial act, which could impose no duty upon the county. The treasurer of the county, in receiving the money from the appellee, was merely passive; he did not, had no power to, coerce payment.

It follows that if the county was under any obligation to refund the money demanded by appellee for the license, it must be because he failed to realize all the benefits which he anticipated from the payment of the $100 for a license for one year. But as he paid the money in view of the right of those who opposed his license to appeal and in reference to the contingencies that might follow, he must, we think, be deemed to have received all that he is legally entitled to. If the benefits received proved to be less than he had been led to expect, it is his misfortune. He can not require the county to make good the loss which he thus incurred.

The appellee's counsel say: "We think that on general principles, of having received something for nothing, the county ought to pay back the $74.50." This view of the case, the only plausible one that can be suggested, is sufficiently answered by the following cases: *Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312; *Town of Ligonier* v. *Ackerman*, 46 Ind. 552 (15 Am. R. 323); *Town of Sullivan* v. *McCammon*, 51 Ind. 264; *Town of Edinburg* v. *Hackney*, 54 Ind. 83.

We think the court erred in overruling the demurrer to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee, with instructions to sustain the demurrer to the complaint.