Filed Jan. 30, 1884.

No. 11,092.

HINES v. BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

DURESS.—*Voluntary Payment.*—*County Auditor.*—A complaint averred that a county auditor drew warrants on the treasury for allowances which had been really made by the county board, to attorneys for services in procuring the location and construction of free gravel roads, and the warrants were paid. Afterwards the board refused to approve the auditor's annual report of settlement with the treasurer and his statement of the financial affairs of the county, unless the auditor would pay into the treasury the amount of such warrants, the board claiming that it had not made the allowances. Under the influence of threats of prosecution and arrest, and a fear that the board would in the future refuse to allow him proper compensation for official services, and not having time to fully ascertain the condition of the records as to the allowances, he paid the amount under protest.

*Held,* that the payment was voluntary and he could not recover it back.

From the Hamilton Circuit Court.

*J. Stafford,* for appellant.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellee.

COLERICK, C.—The appellant presented to the board of commissioners of Hamilton county, for allowance, a claim in his favor. It was disallowed by the board, and from its decision he appealed to the circuit court, where he filed an amended complaint, to which a demurrer was sustained, and, refusing to amend, final judgment, on demurrer, was rendered against him, from which he appeals to this court, and assigns as the only error for the reversal of the judgment the ruling of the court below upon said demurrer.

The complaint, in substance, averred that the appellant then was, and had been ever since the 1st day of March, 1881, the auditor of said county, and that while acting as such auditor allowances were made by said board to certain persons therein named, for services rendered by them as attorneys, in proceedings instituted before said board for the location and construction of certain free gravel roads, which were described; that the board caused a proper record of said allowances to be made, which record was signed by the board, and in pursuance therewith the appellant, as such auditor, drew his warrants on the county treasurer in favor of said persons for the sums so allowed them, which warrants were paid by the treasurer; that afterwards at the June session, 1881, of said board, he, as such auditor, presented to said board the annual settlement with the treasurer of said county, also a full statement of the financial condition of the county, as required by law, and that said board fraudulently and wilfully refused to approve said report and cause the same to be entered of record, unless the appellant would pay back into the county treasury the several sums that had been paid to said attorneys; that said settlement was of great interest and importance to the public and to said treasurer, and of great interest to the appellant, as the same involved his good name personally and as an officer of the county; that said board had great influence in said county, as it was a court with judicial as well as ministerial powers, and had the power to injure the appellant in his good name and office, and do him great injustice in the future in the allowance and adjudication of claims in his favor as such auditor for official services, and that said board, having such advantage of the appellant, did, on the last day of said session, and late in the evening, fraudulently claim that it had never made said allowances, and accused the appellant of issuing said warrants without authority, and threatened that unless he paid back into the county treasury said sums of money he would be prosecuted, arrested and put to great trouble and expense, and also then

absolutely refused to sign and approve said report, or pass the same in any shape until said money was so refunded; that appellant was greatly surprised at the action of the board, and having no time to make a full investigation of the facts and records relating to said allowances, and feeling that the board had the advantage of him for the time being, he, in order to avoid any unjust prosecution or annoyance, and in order that said settlement might be approved, paid, under protest, to the county treasurer the amount of said allowance, viz., $140; that he had acted honestly, and in good faith drew said warrants, and that since refunding said money he had ascertained that said allowances had been made, as he believed when he drew said warrants for the same. Wherefore he demanded judgment for the amount so paid by him, with interest and other relief.

The averments in the complaint show that the money which the appellant seeks to recover back was paid by him with full knowledge of the facts upon which it was demanded from him. The facts that the claim was unjust or invalid, and that the money had been paid under protest, were not alone sufficient to authorize its recovery. The law upon this subject is correctly stated in Wait's Actions and Defenses, vol. 4, pages 493 and 494, thus: "A person who, without the compulsion of legal process, or duress of goods or of the person, yields to the assertion of an invalid or unjust claim by paying it, can not by a mere protest, whether in writing or by parol, change its character from a voluntary into an involuntary payment. The payment overcomes and nullifies the protest. * * * The rule is that, when a person pays an illegal or unjust demand, without an immediate and urgent necessity therefor, with a full knowledge of all the facts, or, unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, the payment is voluntary, notwithstanding it is made under protest. * * * The object of a protest is to take from the payment its voluntary character, and thus preserve to the

party a right of action to recover it back. It is only available in cases of coercion or duress, or where undue advantage is taken of the party's situation, and only serves as evidence that the payment was not voluntary, and in order to be efficacious there must be actual coercion, duress or fraud, presently existing, or the payment will be voluntary in spite of the protest."

In *Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312, it was held by this court that " It is well settled by the current and weight of authority that where money is paid with a full knowledge of all the facts and circumstances upon which it is demanded, or with the means of such knowledge, it can not be recovered back upon the ground that the party supposed he was bound in law to pay it, when, in truth, he was not." Nor can money voluntarily paid on demand upon an unjust and illegal claim be recovered back, where the party paying has full knowledge of all the facts. See, also, *Bond* v. *Coats*, 16 Ind. 202.

If the facts stated in the complaint in this case were sufficient to constitute a cause of action, it is because they show that the money for which the appellant sues was paid by him under duress. The supposed duress, as charged in the complaint, was produced, 1st. By the appellee's refusal to approve the report therein referred to, unless the appellant would first restore to the county treasury the money paid therefrom to satisfy said warrants; 2d. By the appellant's fear of incurring the displeasure of the board in refusing to return the money, which might, in the future, result to his detriment in the allowance of claims by the board in his favor for official services; 3d. By threats of prosecution and imprisonment.

The two causes first named were clearly insufficient to create duress, as defined and recognized by the law. If a duty, enjoined by law, rested upon the appellee to examine and approve or reject said reports, and it refused to perform or discharge the duty so imposed, the appellant had an adequate

legal remedy by mandate to compel its performance. R. S. 1881, section 1168. The refusal of the board to act upon the report did not, in view of the appellant's legal rights and remedy, constitute duress. See *Tucker* v. *State, ex rel.*, 72 Ind. 242, where it was held that threats to withhold the payment of a debt or to refuse the performance of a contract, or to do an injury, which may at once be redressed by legal process, are not duress. In *State* v. *Harney*, 57 Miss. 863, it was held that the fact that a sheriff was induced to give a special bond, by threats of the board of supervisors that unless he did so his office would be declared vacant, did not, by itself, avoid the bond.

The power of the board to make allowances to the appellant, as such auditor, for official services rendered by him, was limited and controlled by the statute, which specified the fees or compensation to be paid therefor. The board possessed no discretionary power of determining whether it would or would not make allowances to him for such services, or in fixing the amounts to be allowed. The duty to make such allowances was enjoined by law, and the amounts to be allowed were specified in the statute. If the board refused to perform its duty in making the same, the appellant had his legal remedy to enforce the performance of the duty. His apprehension that the board would not, by reason of his having so incurred its displeasure, perform its duty, was unfounded, and was insufficient to constitute legal duress.

This brings us to the last ground upon which the supposed duress, in complaint averred, rests. The averment is that the appellee claimed that it "had never allowed said items of attorney's fees, and accused plaintiff of issuing without authority said warrants for said attorney's fees, and threatened that unless plaintiff paid back to the treasurer said attorney's fees he would be prosecuted, arrested, and put to great trouble and expense."

Was this threat, under the circumstances stated in the complaint, such as would likely place the appellant under duress? It must be borne in mind that it is shown by other averments

in the complaint, that the appellant was then the auditor of the county, and, as such, was, by law, *ex officio* the clerk of the board, and that the record of said allowances had been made by him, as such clerk, and was then in his possession as its legal custodian, and by reason thereof he knew, or had the opportunity of readily ascertaining, whether or not said allowances had been made by the board. Can it be said that the appellant, with the record of the board in his possession, which conclusively showed his innocence of the offence with which he was charged, was justified, by fear, in paying the claim which was asserted against him? As an honest man he should have repelled the unjust charge that was made, involving his official integrity, and defied or courted an investigation as to his conduct in the matter. "No one can be heard to say, that he had the right and the law with him, but he feared his adversary would carry him into court, and that he would be unlawfully fined and imprisoned; and that being thereby deprived of his free-will, he yielded to the wrong, and the courts must assist him to a reclamation." *Town Council* v. *Burnett,* 34 Ala. 400; *Peckham* v. *Hendren,* 76 Ind. 47. See, to same effect, *Town of Sullivan* v. *McCammon,* 51 Ind. 264; *Town of Edinburg* v. *Hackney,* 54 Ind. 83; *Town of Brazil* v. *Kress,* 55 Ind. 14; *Colglaizer* v. *Town of Salem,* 61 Ind. 445.

"In order to constitute a duress of the person by threats of imprisonment, or by actual imprisonment or restraint, it must appear that a process to that end had actually been issued, or that there was no reasonable doubt that it would be. * * * Mere threats of violence, or of prosecution, are not enough, there must be a reasonable ground for creating an apprehension that the threats will be carried into execution, in the mind of a man of ordinary firmness and courage, and must operate upon him directly, so as to overcome his will." 4 Wait Actions' and Defenses, p. 490. See, also, *Landa* v. *Obert,* 45 Texas, 539; *Knapp* v. *Hyde,* 60 Barb. 80.

The constraint which takes away free agency and destroys the power of withholding assent to a contract must be of a

danger which is imminent, and without means of prevention. See *Miller* v. *Miller*, 68 Pa. St. 486; *Bosley* v. *Shanner*, 26 Ark. 280. It must appear that the threats influenced the action of the party complaining, and actually caused him to perform the act in question. *Feller* v. *Green*, 26 Mich. 70; *Green* v. *Seranage*, 19 Iowa, 461; *Alexander* v. *Pierce*, 10 N. H. 494. If a party's own cowardice or weakness, without good reason, caused the act, he 'can not complain. *Atlee* v. *Backhouse*, 3 M. & W. 633; *Miller* v. *Miller, supra.*

Applying the law, as enunciated in the cases cited, to the facts averred in the complaint in this case, we must hold that the demurrer was properly sustained.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Feb. 20, 1884.