Nov. Term, 1839.

PLANT
v.
WORMAGER.

---

PLANT *v.* WORMAGER and Another.

A plea in trespass for breaking the plaintiff's close and taking his goods, &c., which states, *inter alia*, that the lawful possession of the close was in the defendant, amounts to the general issue.

If a plea to a declaration consisting of two counts, contain no answer to one of them, it is bad on general demurrer.

A plea founded on an ordinance of a private corporation, without setting out the ordinance or act of incorporation, is bad.

Saturday,
November 30.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—*Plant* sued the defendants in trespass. The declaration contains two counts. The first is for break-

ing and entering the plaintiff's close and taking his goods, &c. The second is for taking and carrying away his goods. The defendants pleaded not guilty, and three special pleas in bar. The first special plea is to the first count, and the others are to the whole declaration. General demurrers to the special pleas. The Circuit Court overruled the demurrers, and rendered final judgment for the defendants.

Nov. Term, 1839.

The first special plea attempts to justify the taking of the goods, but expressly states that the defendants had the lawful possession of the *locus in quo.* It contains, therefore, an argumentative denial of the breaking of the plaintiff's close, and amounts to the general issue. The plaintiff might have demurred specially to this plea, or have moved to reject it. But it was not objectionable on general demurrer. It was a good bar, in substance, to the first count.

The second special plea, which is pleaded to both counts, attempts to justify the charge in the second count, but is silent as to that in the first. It does not therefore answer all it professes to answer, and is objectionable for that reason.

The third special plea, which is to both counts, is bad, because its only answer to the charge contained in the second count is, that the defendants took the goods under the authority of an ordinance of a private corporation, without setting out the ordinance or the act of incorporation.

The second and third special pleas being bad, and the first one being a bar only to the first count, the final judgment for the defendants on the demurrers is erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Brown,* for the appellant.

*J. Morrison,* for the appellees.