## The Portage Lake Miners' & Mechanics' Benevolent Society v. John Phillips.

*Declaration: Charitable society: Benefits: By-laws: Duplicity.* In an action against a society for benefits claimed to be due from it under its articles of association and by-laws, a count which combines a cause of action for a monthly allowance based upon one set of regulations with a distinct cause of action upon another set of regulations for a round sum claimed to accrue to a retiring member, is held bad on demurrer for duplicity.

*Declaration: Charitable society: By-laws: Demand: Assumpsit.* A count for a recovery from a charitable society, under the by-laws, of an allowance on account of disability caused by injury, which is not supported by any averment of a demand, or of any assumpsit by the company, and which fails to state any facts on which the law might infer a liability in assumpsit, is demurrable; and an allegation that the company became indebted to and promised to pay plaintiff a specified sum as a consequence of his withdrawal, as provided by the by-laws, is not a statement of a cause of action.

*Declaration: Condition precedent: Performance of condition.* In a count seeking to recover withdrawal money, which proceeds upon the theory that it is necessary as a condition precedent that a certificate of plaintiff's medical attendant be presented to the board of trustees and that they should have reasonable opportunity to act upon the case, it is essential that facts be set forth showing that opportunity was actually given the board to act upon the case, or that they refused or neglected to act.

*Declaration: By-laws of a society.* A count which merely refers to certain supposed by-laws as entitling plaintiff to claim a specified sum in a given contingency, and in case of certain steps taken by him, without setting out the by-laws relied upon, or averring the necessary facts to justify the conclusion, is bad on demurrer.

*Corporations: By-laws: Judicial cognizance: Averment of liability.* The court cannot take judicial notice of the by-laws of a corporation, or assume that the company agreed, through a by-law, or otherwise, that upon plaintiff's disablement and withdrawal he should receive a specified sum of money, but the existence of such by-law or agreement must be averred, together with such facts as are essential to show that the defendant became liable under and by virtue thereof.

*Heard January 17. Decided January 23.*

Error to Houghton Circuit.

*T. M. Brady* and *C. I. Walker,* for plaintiff in error.

*Chandler & Grant,* for defendant in error.

PORTAGE LAKE MINERS' & MECHANICS' BENEVOLENT
SOCIETY *v*. PHILLIPS.

GRAVES, J :

Defendant in error sued in assumpsit for certain benefits claimed as his due from the company under their articles of association and by-laws.

The declaration contained three counts, to which the company demurred generally, and also on special grounds. The court overruled the demurrer, and gave final judgment against the company, the damages being assessed at two hundred and forty dollars and sixty cents. The company brought error.

The first count is open to objection for duplicity; it attempts to base a cause of action on one set of regulations for a monthly allowance, and a distinct cause of action on another set of regulations for a round sum, claimed to accrue to a retiring member of the company.

The actionable grounds of these claims are distinguishable and separate, and ought not to be united in the same count. But passing this objection, which is one of form only, the count appears to be subject to others, which are substantial.

The claim for allowance under section one of article six of the by-laws, on account of disability caused by injury, is not supported by any averment of a demand, or of any assumpsit by the company. No facts are stated on which the law might infer a liability in assumpsit. The allegation that the company became indebted to and promised to pay Phillips twenty-four dollars and twenty-six cents as a consequence of his withdrawal in January, 1875, as provided by the by-laws, is not a statement of a cause of action. There should be facts to explain in what way the withdrawal led to and involved the asserted consequence. How the by-laws might help to the liability cannot appear unless they are shown, with such other matters as would bring the state of facts into legal order. In regard to the claim for two hundred dollars on account of the withdrawal, the count proceeds upon the theory that by the contract between the

parties, as embodied in the article and by-laws, it was necessary as a condition precedent to any right to withdrawal money, that a certificate of Phillips' medical attendant should be given to the board of trustees, and that the board should have at least reasonable opportunity to act upon the case.    Whether the theory of the count, or the truth of the case, would require it to appear likewise, that in fact there was approving action by the board, is not necessary to be considered now.

It is sufficient to observe, that if the count be taken as intending only that reasonable opportunity for the board to take action was a necessary preliminary, and certainly its scheme goes thus far, it is still defective in substance.    No facts are set forth to show that opportunity was actually given to the board to act upon the case, or that they neglected or refused to act.

The second count is clearly bad.    It refers to certain supposed by-laws as entitling Phillips to claim two hundred dollars in a given contingency, and in case of certain steps taken by him.    No cause of action is apparent here; facts are wanting to justify the conclusion.    The by-laws relied on are not set out in any way, and some other matters which would be essential in connection with them are omitted. The court cannot say upon this statement that Phillips was in law entitled to any thing.

The only difference between this and the third count, is, that the latter alleges that on receiving the certificate of Phillips' medical attendant, the board neglected and refused to take action.    This count is also fatally defective.    We cannot know what right the membership of Phillips, and his withdrawal as alleged, and the refusal of the board to act, gave him to claim two hundred dollars, or any other sum.    We cannot take judicial notice of the supposed by-laws, nor can we assume that the company agreed, through a by-law, or otherwise, that upon Phillips' disablement and withdrawal he should receive two hundred dollars, or any

other amount.—*Company of Feltmakers .v. Davis, 1 B. &
P., 98; Plant v. Wormager, 5 Blackf., 236.*

There are other defects in this declaration, but it is not
necessary to refer to them.

The judgment must be reversed, and the cause remanded,
that judgment may be entered for plaintiffs in error on the
demurrer, with leave to defendant in error to amend under
the rule of court. Plaintiffs in error will recover their costs
of this court.

The other Justices concurred.