GREEN v. THE CITY OF INDIANAPOLIS.

PLEADING.—In an action to recover the penalty for the violation of a by-law or ordinance of a city, a copy of the by-law or ordinance should be made a part of the complaint and filed with it.

APPEAL from the *Marion* Common Pleas.

PERKINS, J.—A complaint as follows was filed before the mayor of *Indianapolis:*

"STATE OF INDIANA, MARION COUNTY, ss:

"*The City of Indianapolis*, plt.,⎫ Before *John Caven*, mayor
              v.          ⎬ of the city of *Indian-*
"*Molly Green*, deft.   ⎭ *apolis.*

"The City of *Indianapolis* complains of *Molly Green*, late of said city, and says that said *Molly Green*, on the 27th day of *June*, 1863, at the city and county aforesaid, did then and there violate section nine of an ordinance of said city passed by the common council thereof, on the 4th day of *May*, 1859, a copy of which is herewith filed. The said defendant did un-

lawfully keep a house of ill-fame and prostitution in said city of *Indianapolis*, county of *Marion*, State of *Indiana*, wherefore the plaintiff demands judgment for 50 dollars.

"R. J. RYAN, City Attorney."

The complaint was verified.

Neither the by-law, (the ordinance on which the suit was based) nor any section of it, nor a copy of either, was filed with the complaint, or anywhere appears in the record. The complaint is fatally defective for this reason. 5 Blackf. 236, 8 Ind. 130, 16 Ind. 273. Ang. and Ames on Corp., 7th ed., p. 21; and also § 366. In *Stuyvesant* v. *The Mayor, &c., of New York*, 7 Cowen, on page 608, the Court say of the declaration in that case that it conforms in every respect to the rule laid down by Kyd, in his treatise on the law of corporation. (2 Kyd on Corp. 167.) "In an action of debt for for the penalty of a by-law, the time when it was made, the parties by whom it was made, their authority to make it, the by-law itself, and the breach of it by the defendant must be set forth, that the Court may judge both whether the by-law be good, and whether the defendant be a proper object of the action." (*Vide* Hut. 5, Hob. 211, 1 Str. 539, Brownl. & Gouldsb. 177.)

In this State, where municipal corporations are organized under the general law, the Court would take judicial notice of their powers to enact by-laws, but not of the fact that any given one had been enacted. As the by-law or ordinance in question, then, is not in the record, and the Court does not take judicial notice of such corporate acts, we can not pass upon its legal construction or validity. Indeed, we do not know that any such exists.

A public statute need not be set out in pleading, nor, in this State, need a private act of the legislature, 2 G. & H. p 109. But statutes of other States, relied upon must be set

out by copy, and so must by-laws of corporations, for they are not statutes of the State.

If there was no appeal from the judgment of the mayor in these cases, it might well be that by-laws should not be set out, but should be judicially noticed by the mayor; but as appeals are allowed to the State courts, the acts of the corporation relied on as foundations of suits or defences must be set out in the pleadings, and proved on trials to bring them before appellate courts.

The record before us shows no cause of action. It is as important that a by-law sued on be set out, as it is that a written instrument should be.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*J. N. Sweetser,* for the appellant.

*R. J. Ryan,* and *J. C. Bufkin,* for the appellee.