### GREEN v. THE CITY OF INDIANAPOLIS.

PLEADING.—CITY ORDINANCE.—In a complaint for the violation of a city ordinance it is not necessary to set out the whole ordinance, with its title, but only the section or sections which are alleged to have been violated.

TITLES OF LAWS.—Section 19 of article 4 of the constitution applies only to acts of the legislature, and has no reference to by-laws or ordinances enacted by the common council of a city.

EVIDENCE.—CORPORATION.—Section 284 of the code, (2 G. & H., 184,) which provides that the acts and proceedings of a corporation may be proved by a sworn copy of the record, was not intended to make such copy the only legal evidence of such acts. The original record is the best evidence, and is always admissible in evidence.

ORDINANCES.—PROOF OF PUBLICATION.—Where in a suit for the violation of a city ordinance the publication of the ordinance is not denied under oath, proof of the publication is not necessary.

APPEAL from the *Marion* Common Pleas.

ELLIOTT, J.—The appellant was prosecuted before the mayor of the city of *Indianapolis* for the violation of a city ordinance. A demurrer to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action, was filed and overruled. The defendant then pleaded not guilty, and was tried and convicted. She appealed to the Court of Common Pleas. The demurrer was renewed in the latter court, and again overruled. The cause was tried by the court, and the defendant convicted and fined $20. Motion for a new trial overruled, and judgment.

It is contended that the complaint is bad. It alleges that the defendant, "on the 22d day of *June*, 1864, at the city and county aforesaid, did then and there violate section 9 of an ordinance of said city, passed by the common council thereof, on the 30th day of *November*, 1863." A copy of the section of the ordinance referred to is then set out, defining the offense and providing a penalty, with averments directly charging the commission of the act prohibited by that section of the ordinance. The complaint is verified by affidavit.

It is insisted that the whole ordinance, including the title, should have been set out in the complaint. The law seems to be otherwise. The ordinance may have contained a multiplicity of provisions, having no relation to the subject of this complaint, which if copied into it could only serve to incumber the record with irrelevant matter, without subserving any legitimate purpose. The section set out creates and defines the offense, and affixes the penalty. It is complete within itself. It was necessary to set out only so much of the ordinance as related to the offense charged. "Courts will not *ex officio* take notice of the private acts of parliament, and consequently such parts of them as may be material to the action or defense must be stated in the pleading." 1 Chitty's Pleadings 216; Gould's Pleadings 46; Stephen's Pleadings 347. Nor was it necessary to set out the title of the ordinance, if, indeed, it had a title. We know of no law requiring a title to city ordinances.

The complaint shows when the ordinance was made, and by whom it was made, viz: the common council of the city, and we take judicial notice of the power of the common council to enact such an ordinance. *Green* v. *The City of Indianapolis*, 22 Ind. 192. But it is insisted that the ordinance should have a title, and that it should express the subject matter of the ordinance, under the 19th section of the 4th article of the constitution of the State. This has become quite a familiar reference in cases where the object is to avoid the provisions of legislative enactments, but it is the first effort within our knowledge to apply it to the enactment of city ordinances. The constitutional provision referred to applies only to acts of the legislature, and has no relation to the by-laws or ordinances enacted by city councils.

On the trial, the plaintiff introduced the records of the common council of the city for the purpose of proving the section of the ordinance set out in the complaint, having first proved by one *Butterfield,* the city clerk, that the record so presented was the proper record of the proceedings of

the common council, and the court, over the defendant's objection, permitted said part of the record to be read in evidence. The record was objected to on the ground that under section 284 of the statute, (2 G. & H., 184,) the acts and proceedings of the council could only be proved by a sworn copy thereof. There is nothing in the objection. The object of the statute was not to exclude the original record from being given in evidence, but to provide a mode for proving the acts and proceedings of corporations in cases in which it would be inconvenient or impossible to produce the original. Hence, the statute provides that "such sworn copies shall be received as evidence, in all cases in which the original would be evidence." The record, being produced, was the best evidence, and was properly admitted. *Madison R. R. Co.* v. *Whitesel,* 11 Ind. 55.

The publication of the ordinance in question was not denied under oath, and hence, under section 88 of the general law incorporating cities, 1 G. & H., 240, proof of the publication was not necessary.

The judgment is affirmed, with costs.

*J. N. Sweetzer,* for appellant.

*B. K. Elliott,* for appellee.