## WHITSON *v.* THE CITY OF FRANKLIN.

CITY.—*Mayor's Court.*—*Pleading.*—*Railroad.*—*Speed of Trains.*—One section of an ordinance of a city incorporated under the general law for the incorporation of cities, of 1867, was as follows: "That it shall not be lawful for any

Whitson *v.* The City of Franklin.

railroad company to run any locomotive or cars over any of the railroad tracks within the corporate limits of said city, at a faster rate than four miles per hour." Another section provided that "any conductor, engineer, or other person having control of any engine, car, or railroad train, who shall violate any of the provisions of this ordinance, shall, upon conviction thereof before the mayor of said city, be fined not exceding twenty dollars."

*Held,* that in a complaint in the mayor's court against an engineer, to recover a penalty of him for running a locomotive under his control at a faster rate of speed than four miles per hour within said city, reference should be made to both of said sections by their numbers and the date of adoption, and a complaint referring only to the former section was insufficient.

SAME.—*Power to Regulate Speed of Trains.—Constitutional Law.*—Such an ordinance is not inconsistent with the statute law of this State, but is plainly authorized by section 53 of the general act of 1867 for the incorporation of cities. Nor is such an ordinance unconstitutional.

SAME.—*Mail Trains.*—A prosecution for a violation of such an ordinance cannot be defended on the ground that the railroad company was engaged in carrying the mail under a contract with the United States and was required by said contract to transport the mail within a prescribed time, which could not be done if the towns and cities through which the road ran were allowed to regulate the speed of trains in passing through them.

SAME.—*Territorial Jurisdiction.*—Such an ordinance applies equally to all the territory within the corporate limits over which a railroad runs, including that not laid off in lots, streets, or alleys, or occupied with buildings, and including lands owned by railroad companies.

APPEAL from the Johnson Circuit Court.

BUSKIRK, J.—The city of Franklin prosecuted the appellant before the mayor of such city for the violation of a city ordinance. The complaint reads thus:

"The city of Franklin complains of Mathew Whitson, and says, that on the second day of March, 1868, the said Mathew, within the corporate limits of said city of Franklin, had control of a certain locomotive in and upon the track of the Jeffersonville, Madison and Indianapolis Railroad; that the said Mathew was then and there the engineer on the said locomotive, and then and there unlawfully ran said locomotive over the track of the said railroad, within the corporate limits of the said city of Franklin at a faster rate of speed than four miles an hour, contrary to section one of ordinance twelve of the ordinances of said city passed by the common

council thereof on the 4th of November, 1861. Wherefore the said city demands judgment for twenty dollars."

The appellant appeared before the Mayor and demurred to the complaint, which was overruled. He then answered in four paragraphs. The appellee demurred to the second, third, and fourth paragraphs, and the demurrer was sustained. There was a trial before the mayor resulting in a finding and judgment for the plaintiff. The defendant appealed to the circuit court. In that court, the defendant demurred to the complaint on the following grounds: First, because the complaint does not state facts sufficient to constitute a cause of action; second, because the ordinance mentioned therein is inconsistent with the statute laws of Indiana; third, because the ordinance mentioned in the complaint is unconstitutional and void.

The demurrer was overruled, to which ruling the appellant excepted, and assigns this as the first error. The complaint refers to section one of ordinance twelve, passed November 4th, 1861, which section reads as follows:

"That it shall not be lawful for any railroad company to run any locomotive or cars over any of the railroad tracks within the corporate limits of said city at a faster rate than four miles per hour."

This action is not against the railroad company, but against an engineer in the employment of such company. The first section contains no penalty for the violation of its provisions, but if it did, it would not apply to the appellant. The appellee admits, in argument, that the first section contains no penalty, but maintains that section four of said ordinance declares who shall be punished, and the extent thereof, and that the reference to section one would also include section four, which reads as follows:

"Any conductor, engineer, or other person having control of any engine, car, or railroad train, who shall violate any of the provisions of this ordinance, shall, upon conviction thereof, before the mayor of said city, be fined not exceeding twenty dollars."

Section nineteen of the act for the incorporation of cities and towns (approved March 14th, 1867) provides, that in an action to recover a penalty for the violation of an ordinance " it shall not be necessary to file with the affidavit or complaint a copy of the ordinance or section thereof charged to have been violated, but it shall be sufficient to recite in the affidavit or complaint the number of the section charged to have been violated, with the date of its adoption." 3 Ind. Stat. 69.

Section one renders it unlawful for any railroad company to run any locomotive or cars over any railroad track within the limits of the city at a faster rate than four miles an hour, and section four imposes a penalty upon any engineer or person having control of any engine, car, or railroad train, who shall violate any of the provisions of such ordinance. Sections two and three make it unlawful for railroad companies to obstruct streets of such city, or to omit to ring the bell while passing through said city. Section four imposes a penalty for the violation of any of the provisions of sections, one, two, or three. Prior to the passage of the act of 1867, for the incorporation of cities and towns, this court held, that to make a complaint good it was necessary to file with such complaint a copy of the ordinance or section alleged to have been violated. See *Green* v. *City of Indianapolis,* 25 Ind. 490.

It is now sufficient to refer to the section alleged to have been violated by the number, and to give the date of its adoption. To constitute a good complaint on the ordinance under consideration, it should refer to the section creating the offense and to section four, which imposes a penalty upon persons violating the provisions of such ordinance. Neither one of the sections by itself creates an offense for which an action could be maintained, but when section four is considered in connection with either of the other sections, the two together create an offense and impose a penalty for its violation. We think that the complaint in this case was bad for not referring to section four of said ordinance, as well as section one. See *Kenrick* v. *United States,* 1 Gallis. 268.

It is also claimed by the appellant that the complaint is bad because the ordinance is inconsistent with the statute law of this State. There is nothing in the objection. The legislature has in plain and undoubted terms authorized cities and towns to pass ordinances like the one under consideration. The forty-second clause of section fifty-three of the act providing for the incorporation of cities and towns reads thus: "To regulate the speed of railroad trains through the city; and also to provide by ordinance for the security of citizens and others from the running of trains through any city, and to require railroad corporations to observe the same, and also to require such corporations to keep clean the gutters and crossings of the streets along which their railways may pass." 3 Ind. Stat. 88.

It is also claimed that the ordinance of the city is unconstitutional and void.

It is well settled, both on principle and by authority, that the legislature may empower municipal authorities to pass ordinances to regulate the speed of cars through cities; and it is equally well settled that the municipal authorities of cities and large towns have the right to adopt such ordinances without any special legislative sanction, by virtue of the general supervision which they have over the police of their respective jurisdictions. NELSON, C. J., in the case of *Buffalo and Niagara Falls R. R.* v. *City of Buffalo*, 5 Hill, N. Y. 209, says, "A trains of cars, impelled by the force of steam through a populous city, may expose the inhabitants to unreasonable perils, so much so, that unless conducted with more than human watchfulness, the running of the cars" (in that mode) "may well be regarded as a public nuisance." "It has also been held, that a statute giving power to the common council of a city to regulate the running of cars, within the corporate limits, authorizes the adoption of an ordinance entirely prohibiting the propelling of cars by steam through any part of the city." 2 Redfield on Railways 564; *Veazie* v. *Mayo*, 45 Me. 560; *State* v. *Tupper*, Dudley, S. C. 135; *Branson* v. *Philadelphia*, 47 Penn. St. 329; *Philadelphia* v.

*Lombard, &c., R. R. Co.,* 3 Grant Cas., Pa. 403; *Great Western R. R.* v. *Decatur,* 33 Ill. 381; *State* v. *Jersey City,* 5 Dutch. 170.

We hold that the ordinance of the said city is valid and constitutional, but that the complaint was bad because it did not refer to sections one and four of said ordinance.

The defendant answered in four paragraphs. The first was a general denial. The second admitted that the said train ran at the speed mentioned in the complaint, but that the conductor thereof was responsible for the rate of speed, and not the engineer. The third was that the said railroad company was engaged in carrying the mail from the city of Indianapolis to the city of Jeffersonville, and that by the contract with the government, it was required to transport the mail between the said cities within a prescribed time, and that this could not be done if the towns and cities through which said road ran were allowed to regulate the speed of the trains in passing through them.

The fourth paragraph admitted that the train ran through and within the corporate limits of said city at the rate of speed charged in the complaint, but it is averred that the corporate limits of the said city extended two miles in length and breadth; that a large portion of the territory thus embraced within the said corporate limits was not laid off into lots, streets, and alleys, or occupied with houses or any kind of buildings; that at the time complained of in the complaint the said train was running along and over the lands of the said railroad company which were not laid out into lots, streets, and alleys, or occupied with houses, nor was the said train, at the said time, crossing streets or alleys.

The appellee demurred to the second, third, and fourth paragraphs of the answer. The demurrer was sustained, and this ruling is assigned for error. We think the court committed no error in sustaining the demurrer to the answer. The second paragraph amounts to no more than the general denial, and all the matters therein alleged could have been proved under the denial. We are unable to see why the appellant was justified in violating the ordinance of the

city, from the fact the company was engaged in carrying the mail, under a contract with the federal government. To recognize this as a defense, would virtually deprive the municipal authorities of the power of regulating the speed of trains, which would place the safety of the inhabitants of the towns and cities through which such trains would run at the mercy of those in charge of trains carrying the mail.

The matters alleged in the fourth paragraph of the answer constitute no defense. The jurisdiction of the common council is circumscribed by the corporate limits of the town or city. There can be no doubt that the common council possessed the power to pass the ordinance in question, nor do the facts alleged show that there has been such an abuse of the discretion reposed in the common council as will justify this court in holding the ordinance void. The ordinance in question would have no authority beyond the city limits. The legislature conferred in express terms the power to regulate the speed of trains *within* the corporate limits, and we have seen that the authorities of towns and cities have such power without positive legislation, under the police power. The fact that the railroad owned the lands over which the train was running constitutes no defense, nor could such fact be considered in mitigation of damages.

We are compelled to reverse the case for the defect heretofore pointed out in the complaint.

Judgment reversed, with costs, and cause remanded with directions to the court below to sustain the demurrer to the complaint for the reason that it did not refer to section one and four of said ordinance, and for further poceedings consistent with this opinion.

*D. D. Banta, G. M. Overstreet,* and *A. B. Hunter,* for apapellant.

*C. Byfield,* for appellee.