Schwab *v.* The City of Madison *et al.*

———————•———————

SCHWAB *v.* THE CITY OF MADISON .ET AL.

| 49 | 329 |
| 140 | 135 |

INJUNCTION.—*Appeal.*—*City.*—A party cannot enjoin the collection of a fine and costs, assessed for the violation of a city ordinance, on the ground of there being no offence charged or cause of action filed before the mayor. The remedy in such case is by appeal.

From the Jefferson Circuit Court.

*J. L. Wilson* and *E. R. Wilson*, for appellant.

*V. Kirk*, for appellees.

DOWNEY, J.—The only question in this case is as to the sufficiency of the complaint, to which a demurrer was sustained in the circuit court.

On the 18th day of December, 1873, complaint was made of Schwab, before the mayor of the city of Madison, as follows:

" The State of Indiana, Jefferson County, ss. ⎫
                " The City of Madison. ⎭

" Before me, John Marsh, mayor of the city of Madison and *ex officio* a justice of the peace in and for said city and county, personally came John W. Grayson, who, being duly

sworn, deposeth and saith that, on the 18th day of December, 1873, at said city and county, William Schwab, as affiant verily believes, did commit an act of public indecency in Spring Dale Cemetery Graveyard.                JOHN W. GRAYSON.

"Subscribed and sworn to this 18th day of December, 1873.

" JOHN MARSH,

"Mayor and *ex officio* Justice of the Peace."

On this affidavit, an action was commenced in the name of the city of Madison against said Schwab. He was arrested and taken before the mayor, when the following from the docket of the mayor shows how the case was disposed of:

" The defendant being arraigned for trial, the court, after hearing the allegations of plaintiff in case, and being sufficiently advised in the premises, assess fine, the city, at the sum of five dollars, and it is adjudged that he pay the costs of this prosecution, and stand committed until fine and costs are paid or replevied.                JOHN MARSH,

" Mayor."

On this judgment, an execution was issued by the mayor to the city marshal, who levied the same on personal property of Schwab. Thereupon Schwab instituted this action to enjoin the city and the marshal from collecting the amount of the judgment and the costs.

It is averred in the complaint, " that the proceedings and judgment before the mayor are void, because there was no crime or offence charged against the plaintiff or cause of action filed against him before the mayor, showing any liability to the city or authorizing the fine and costs to be adjudged against him; and that said execution so issued is void, and the seizure of the property of the plaintiff by the marshal is without authority of law."

Counsel for appellant urge the objection to the mayor's proceedings mentioned in the complaint, and also insist that the judgment of the mayor is not sufficient in form to warrant the issuing of any execution.

The only ground of complaint alleged, as we understand the pleading, is the insufficiency of the complaint before the mayor.

It is true, that the complaint in this case alleges that " said execution so issued is void, and the seizure of the property of the plaintiff by the marshal is without authority of law." But we understand that these are stated merely as consequences of the insufficiency of the affidavit. If anything else was intended, it should have been stated why the execution was void. To state that it is void, is merely to state a legal conclusion without stating the facts. This is not very material, perhaps, since, if the judgment is informal, it may, we presume, be amended on proper application to the mayor.

The execution, if issued without a judgment authorizing it, might be set aside on motion in the mayor's court; and perhaps this was the only remedy. See *Lasselle* v. *Moore*, 1 Blackf. 226, and *Stockwell* v. *Walker*, 3 Ind. 384.

No mention is made in the complaint of any defect in the judgment, and we shall not go outside of the complaint in deciding the case.

It seems to us quite clear that the affidavit was so defective that the prosecution might have been dismissed on that account. No copy of the ordinance, or section of the ordinance violated, was set out in the affidavit or complaint, as is required where the affidavit or complaint does not conform to sec. 19, 3 Ind Stat. 69 ; nor does the affidavit conform to that section, by stating " the number of the section charged to have been violated, with the date of its adoption." See *Green* v. *The City of Indianapolis*, 22 Ind. 192 ; *Green* v. *The City of Indianapolis*, 25 Ind. 490 ; *Whitson* v. *The City of Franklin*, 34 Ind. 392. But this does not dispose of the question presented.

Does the defect in the affidavit render the judgment void, so that an execution upon it cannot be collected, but may be enjoined ? The appellant made no objection to the affidavit before the mayor, but suffered judgment to be rendered upon it without any objection thereto. He had a right of appeal, had the question been made and decided against him by the mayor. He now objects to the sufficiency of the affidavit and to the validity of the judgment thereon, in a collateral proceeding. The question is, can he be heard now and in this

way to make the objection? The subject-matter was one of which the mayor might exercise jurisdiction, if there was an ordinance on the subject, and we may well infer that the existence of the ordinance was shown on the trial, and also the violation of it by the appellant. The mayor's court had jurisdiction of the person of the appellant, for he was arrested and brought into court to answer to the charge.

We think the judgment should not be enjoined. The appellant had a plain, adequate, and sufficient remedy by appeal for any errors in the proceedings and judgment of the mayor. We do not think the judgment is void.

The judgment is affirmed, with costs.