Clevenger *v.* The Town of Rushville.

No. 10,880.

## CLEVENGER *v.* THE TOWN OF RUSHVILLE.

TOWNS.—*Justice of the Peace.—Jurisdiction.*—The jurisdiction of a justice of the peace of suits to recover penalties for the violation of town ordinances extends to the sum of $200, as in other civil actions.

SAME.—*Liquor Selling.—License.—Statute Construed.*—It is not an offence against the laws of the State to sell intoxicating liquor without a town license, and hence section 1640, R. S. 1881, does not prohibit the recovery of a penalty for violation of a town ordinance on that subject.

SAME,—*Ordinances.—Pleading.—Exhibits.*—A complaint to recover a penalty for violation of a town ordinance must exhibit or copy so much of the ordinance as relates to the subject, *e. g.*, where one section provided a penalty for selling liquor without a town license, while another made provisions for obtaining such license and the amount to be paid, both sections should be shown.

From the Rush Circuit Court.

*J. Q. Thomas, J. J. Spann* and *J. W. Study,* for appellant.
*W. A. Cullen* and *B. L. Smith,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant, commenced before a justice of the peace, for violating a town ordinance prohibiting, within the corporate limits, the sale of intoxicating liquors in a less quantity than a quart at a time without license from the town.

The justice, on the appellant's motion, quashed the complaint. In the court below, on appeal, the appellant's demurrer to the complaint was overruled.

There was a trial by the court, and a finding and judgment for the appellee for the recovery of $100, being the penalty provided in the ordinance for its violation. The appellant's motion for a new trial was overruled, and an exception taken, but, as this motion is not in the record, we must presume that the court's ruling thereon was correct.

The overruling of the appellant's demurrer to the complaint, his exception thereto, and his assignment of errors in this court, present two questions, viz. :

1. Was the action in this case to recover the penalty of

$100 for violating the appellee's ordinance in the jurisdiction of a justice of the peace?

2. Did the appellee's complaint state facts sufficient to constitute a cause of action?

An action to recover a penalty for violating an ordinance of a municipal corporation is a civil action. *Town of Brookville* v. *Gagle*, 73 Ind. 117, and cases therein cited. The jurisdiction of a justice of the peace in such an action is, therefore, governed by the statute regulating his proceedings in civil cases. In these cases he has jurisdiction where the amount of the recovery does not exceed $200. Section 1433, R. S. 1881. The justice of the peace had jurisdiction in this case.

As to whether the complaint states facts sufficient to constitute a cause of action, a question is raised as to the validity of the ordinance. Clause 7 of section 22 of the act for the incorporation and organization of towns, as amended in 1877, authorizes the board of trustees of an incorporated town to license, regulate and restrain the sale of intoxicating liquors within the corporation, limiting the license fee to a sum not exceeding the amount required by the statutes of the State for license to sell intoxicating liquors. Section 3333, R. S. 1881. Before the amendment of the above section, incorporated towns, as was held in a number of decisions of this court, had no legal authority to exact a license fee for retailing intoxicating liquors. But this authority is amply conferred by the amendment of the statute in 1877. The ordinance upon which this suit was based was passed February 20th, 1882.

The appellant, however, earnestly insists that the ordinance, so far as it makes it penal to sell intoxicating liquors in a less quantity than a quart, without license from the town, is in conflict with section 1640, R. S. 1881, which went into force September 19th, 1881. This section provides that "Whenever any act is made a public offence against the State by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be

null and void, and all prosecutions for any such public offence as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the State law only."

We are of the opinion that this section does not affect the validity of the ordinance. The sale of intoxicating liquor, less than a quart at a time, is not of itself an offence, either against the State under the laws of the State, nor against the town under the ordinance. To be an offence against the State, the sale must be made without license under the laws of the State; and, to constitute an offence against the town, such sale must be made without license from the town. There is no penal statute of the State against selling intoxicating liquors without a license from an incorporated town. If the appellee's ordinance attempted to make it an offence to sell intoxicating liquors without license under the laws of the State, such ordinance would conflict with section 1640 above, and would be void. But as the ordinance makes it penal only where the sale is without license from the town, it does not cover the ground of any penal statute of the State. We think that section 1640, *supra*, was not intended to apply to a city or town ordinance like that under consideration, but rather to ordinances that attempt to attach penalties to acts which, in and of themselves, are criminal under the laws of the State. *Zeller* v. *City of Crawfordsville, post*, p. 262.

No part of the ordinance in controversy, except the 14th section, was set out in the appellee's complaint. This section provides that "Any person, or persons, not being licensed according to the preceding section, who shall sell," etc., "shall * * * be fined," etc. Evidently, the preceding section had some relation to the mode of procuring the license, and probably fixing the amount of the fee to be paid therefor. This section should also have been copied in the complaint or a copy of it filed as an exhibit with the complaint. Courts do not take judicial notice of ordinances of incorporated towns. Where a suit is predicated upon any such ordinance, so much

of it as relates to the action must be set out in or with the complaint. *Green* v. *City of Indianapolis*, 22 Ind. 192; *Green* v. *City of Indianapolis*, 25 Ind. 490; *Schwab* v. *City of Madison*, 49 Ind. 329.

Counsel for appellee call our attention to section 3066, R. S. 1881. But this section applies only to cities. It provides that in actions brought by a city to recover a penalty incurred under an ordinance, "it shall not be necessary to file with the affidavit or complaint a copy of the ordinance * * * charged to have been violated, but it shall be sufficient to recite in the affidavit or complaint the number of the section charged to have been violated, with the date of its adoption." There is no similar provision in relation to suits to recover penalties under town ordinances. But even if section 3066, *supra,* applied to towns as well as cities, appellee's complaint would still be insufficient. In *Whitson* v. *City of Franklin,* 34 Ind. 392, it was held that the complaint was bad if it did not refer to all the sections of the ordinance relating to the cause of action.

It is proper to observe that section 3066, *supra,* which is section 19 of the act relating to cities, was passed March 14th, 1867, which was subsequent to the decisions in *Green* v. *City of Indianapolis, supra;* but we hold those cases authority in suits by incorporated towns, as there is not, as to such suits, any statute dispensing with a copy of the ordinance, or part of the ordinance charged to have been violated. For failing to file with its complaint a copy of all the ordinance having reference to the charge made against the appellant, the appellee's complaint was insufficient and the demurrer to it should have been sustained.

Judgment reversed, at the appellee's costs, with instructions to the court below to sustain the appellant's demurrer to the appellee's complaint, on the ground that it does not state facts sufficient to constitute a cause of action, and for further proceedings in accordance with this opinion.