No. 11,286.

HARDENBROOK v. TOWN OF LIGONIER.

TOWNS.—*Ordinances.*—*Publication.*—*Pleading before Justices.*—In a suit before a justice of the peace for the violation of a town ordinance, it is not necessary to aver that the members of the board of trustees which passed it were duly elected, nor that they had authority to pass the ordinance, nor that it had been published.

SAME.—*Constitutional Law.*—*Penalty.*—*Imprisonment.* —A penalty for the violation of a town ordinance is not a debt, in the sense of the Constitution, which forbids imprisonment for debt.

From the Noble Circuit Court.

*H. G. Zimmerman*, for appellant.

ELLIOTT, J.—The complaint of the appellee sets forth at length an ordinance adopted by the board of trustees of the town of Ligonier requiring license from venders of intoxicating liquors, avers that the town was duly incorporated, and charges that the appellant violated the provisions of the ordinance by selling liquor in less quantities than a quart without a license.

It is not necessary that a complaint for the violation of a town ordinance should aver that the board was duly elected; it is enough to allege that the ordinance was enacted by the trustees of the corporation. A defendant in an action to recover a penalty for the violation of a municipal by-law can not question the right of the trustees to their offices, nor can

that right be tried in any such collateral proceeding. The right to an office must, as a general rule, be questioned by a direct proceeding in the nature of a *quo warranto.*

It is sufficient to aver that the ordinance was adopted by the trustees, without showing the manner of their election. The law confers upon the trustees authority to enact by-laws, and it is only necessary to allege that the ordinance was enacted by them. Where the pleader names the body by whom the ordinance was adopted, the court will, as matter of law, determine whether the body possessed the requisite authority. The complaint must state by what municipal officers the by-law was enacted, and the court will ascertain and decide whether the statute invested that body with the authority which it assumed to exercise. Matters of law need not be pleaded, and whether town trustees have power to adopt ordinances is a matter of law of which the court will, *ex officio*, take notice. *Green* v. *City of Indianapolis*, 22 Ind. 192; *Green* v. *City of Indianapolis*, 25 Ind. 490.

It is clear from the various statutory provisions that have been enacted in the form of original, legalizing, amendatory and supplemental acts, that the Legislature did not intend that in actions on town ordinances the legality of the election of trustees should be made the subject of investigation. We do not deem it necessary to refer to the many provisions upon this subject, for no substantial good would be accomplished by such a course. There is nothing in the provisions of section 3309 which devolves upon the town corporation the burden of proving that the legislative officers of the town were duly elected and qualified. The presumption is in favor of the legality of the election and qualification of corporate officers, and the statute does not affect the force of this presumption. The general rule is that in prosecutions for violations of city or town ordinances, all that need be shown is that the persons assuming to be officers acted as such. 1 Dillon Mun. Corp. (3d ed.), sec. 418.

The validity of the ordinance is assailed because, as it is

Hardenbrook *v.* Town of Ligonier.

assumed, it does not affirmatively declare when it shall take effect. If this position were sustained in fact, it would be without support in law. An ordinance of a municipal corporation takes effect according to the provisions of the organic law—the charter or act of incorporation—and if the ordinance were wholly silent upon the subject, it would take effect under the provisions of the incorporating act. It is not the declaration of the ordinance which puts it into force, but the provisions of the statute which created the corporation. But the position, that the ordinance does not provide when it shall take effect, is not supported by the record; the ordinance does provide that it " shall be in force from and after its passage and publication." The reasonable and just interpretation of this provision is, that the ordinance shall take effect after publication in the manner, and for the length of time, prescribed by the incorporating act.

The averment of the complaint upon the subject of publication reads thus: " Which ordinance was by the said board of trustees caused to be published in the Ligonier Banner (a newspaper printed and published in said town of Ligonier) according to law," and this we think sufficient. Actions to recover penalties for violations of municipal ordinances are civil actions, and complaints are not required to be framed in accordance with the strict rules of pleading; on the contrary, great liberality is indulged in favor of such complaints, as, indeed, is the case with all such pleadings before justices of the peace. *Town of Brookville* v. *Gagle,* 73 Ind. 117; *City of Greensburgh* v. *Corwin,* 58 Ind. 518; *City of Goshen* v. *Croxton,* 34 Ind. 239; *Common Council, etc.,* v. *Fairchild,* 1 Ind. 315; *Levy* v. *State,* 6 Ind. 281; *Bogart* v. *City of New Albany,* 1 Ind. 38. But the provisions of the statute so plainly settle this question that discussion is not needed. · Section 3331 provides that it shall not be necessary to show publication " unless the same is controverted by affidavit." *Green* v. *City of Indianapolis,* 25 Ind. 490.

It is contended that section 3347 of the statute is void be-

cause it provides for imprisonment in case of a conviction and failure to pay the fine assessed. This position is based on the proposition that the Constitution prohibits imprisonment for debt. It is clear to our mind, too clear, indeed, for argument, that a penalty accruing from a breach of an ordinance of a municipal corporation is not a debt within the meaning of the Constitution. *McCool* v. *State*, 23 Ind. 127; *Lower* v. *Wallick*, 25 Ind. 68; *Turner* v. *Wilson*, 49 Ind. 581; *McIlvain* v. *State, ex rel.*, 87 Ind. 602; *Lane Co.* v. *Oregon*, 7 Wal. 71; *Dunlop* v. *Keith*, 1 Leigh, 430; *Caldwell* v. *State*, 55 Ala. 133; *Hibbard* v. *Clark*, 56 N. H. 155; *City of Camden* v. *Allen*, 26 N. J. Law, 398; *Flora* v. *Sachs*, 64 Ind. 155.

Judgment affirmed.

Filed April 19, 1884.