Filed September 22, 1896.

---

No. 2,261.

LAKE ERIE AND WESTERN RAILROAD CO. *v.*
CITY OF NOBLESVILLE.

PLEADING.—*Complaint.—City Ordinance.—Penalty.—* In an action for the penalty for the violation of a city ordinance, the complaint makes sufficient reference to the ordinance, when it covers both the offense and the penalty, and refers to the ordinance by number and date.

EVIDENCE.—*City Ordinance.—Proof of Publication.—When Unnecessary.—*In an action for the penalty for the violation of a city ordinance, proof of the publication of the ordinance need not be made, unless it be denied by affidavit.

From the Clinton Circuit Court.

*J. B. Cockrum*, and *Shirts & Kilbourne*, for appellant.

*J. F. Neal*, for appellee.

GAVIN, J.—Appellee sued to recover the penalty for violation of a city ordinance forbidding the running of trains within the corporate limits at a rate of speed exceeding six miles per hour.

The right of cities to regulate, by ordinance, the speed of trains through such cities is expressly conferred by statute, and has been confirmed by the Supreme Court. Section 3541, subd. 42, R. S. 1894 (section 3106, subd. 42., R. S. 1881); *Whitson* v. *City of Franklin*, 34 Ind. 392.

In this case, appellant is charged with having run its trains too fast upon its track, laid in the street along one side of the public square. There is not even the force of plausibility in the suggestion that the ordinance is unreasonable and void because other ordinances required flagmen to be stationed at the corners of the square. These would not operate to fully protect those using the street between those points, even if the placing of flagmen would otherwise affect this ordinance. That the validity of the ordinance cannot be regarded as seriously in question is made manifest by the fact that the Supreme Court ordered the cause transferred to this court, which would not have jurisdiction if the validity of the ordinance was really involved. *City of Hammond* v. *New York, etc., R. W. Co.*, 126 Ind. 597; *Benson, Admr.*, v. *Christian*, 129 Ind. 535.

Section one of the ordinance violated, defined the offense and fixed the penalty. Section 2 provided for its publication in a daily paper, and that the ordinance should be in effect on and after publication. Section 3501, R. S. 1894 (section 3066, R. S. 1881), directs that in suits for penalties, such as this, the complaint need not set forth a copy of the ordinance or section violated, but it shall be sufficient to recite in the complaint the number of the section charged

Lake Erie and Western Railroad Co. *v.* City of Noblesville.

to have been violated and the date of its adoption. The complaint in this action referred to section 1 of the ordinance, but made no mention of section 2. It is contended that it was necessary to include section 2 also, upon the authority of *Whitson* v. *City of Franklin, supra,* and *Clevenger* v. *Town of Rushville,* 90 Ind. 258. These cases decide only that where a suit is predicated upon an ordinance, so much of it as relates to the action must be set out or referred to by number and date, and that where the offense is defined in one section and the penalty named in another, both must be included.

All parts of the ordinance relating to the offense and its penalty are here included, and there has been full compliance with the rule laid down by these cases.

Objection is made to the mode adopted to prove the publication of the ordinance. Whether or not the proper course was pursued is immaterial, for the reason that, under the statute, when a city sues for the penalty for violation of an ordinance, it is not necessary that proof of publication be made, unless it be denied by affidavit. Section 3499, 1 R. S. 1894 (section 3064, R. S. 1881); *Green* v. *City of Indianapolis,* 25 Ind. 490.

Judgment affirmed.

Filed September 22, 1896.