### LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* CITY OF NOBLESVILLE.

[No. 2,262.   Filed September 24, 1896.]

PLEADING.—*Complaint.—Violation of City Ordinance.—Penalty.*— In a suit to recover the penalty for a violation of a city ordinance, so much of the city ordinance as relates to the offense must be referred to in the complaint by number of the section or sections and the date of adoption.

SAME.—*Evidence.—City Ordinance.*—In a suit to recover the penalty for a violation of a city ordinance, the city is not required to aver or prove publication of the ordinance, unless this fact be denied by affidavit.

From the Clinton Circuit Court. *Affirmed.*

*J. B. Cockrum, George Shirts, I. A. Kilbourne, W. E. Hackedorn, J. Q. Bayless, C. G. Guenther* and *A. B. Clark,* for appellant.

*J. F. Neal,* for appellee.

GAVIN, J.—In a suit to recover the penalty for a violation of a city ordinance, so much of the ordinance as relates to the offense must be referred to in

the complaint by number of the section or sections and date of adoption. *Green* v. *City of Indianapolis*, 25 Ind. 490; *Clevenger* v. *Town of Rushville*, 90 Ind. 258; Burns' R. S. 1894, section 3501.

Where, however, one section of an ordinance defines the offense and fixes the penalty, while the following section merely provides for the mode of publication, it is necessary to designate in the complaint only the former section and not the latter.

In such an action the city is not required to aver or prove publication of the ordinance, unless this fact be denied by affidavit. *Lake Erie, etc., R. R., Co.* v. *City of Noblesville*, 15 Ind. App. 697; *Green* v. *City of Indianapolis, supra;* Burns' R. S. 1894, section 3499.

Judgment affirmed.