[No. 740.   August 25, 1897.]

## IN RE ROE CHUNG, Petitioner.   Prohibition.

PHYSICIANS AND SURGEONS—IMPRISONMENT FOR DEBT—ACT FEBRUARY 27, 1895—CONSTRUCTION.—There is no inconsistency between section 8 of the act of February 27, 1895, prescribing a penalty for practicing medicine or surgery in this territory without a certificate from the board of health, and section 9 of the same act, providing for imprisonment for failure to pay the penalty; that act is simply a valid exercise of the police power of the territory.

ID.—IMPRISONMENT FOR DEBT—JUSTICES OF THE PEACE—JURISDICTION. Section 2321 of the act of 1876, limiting imprisonment to thirty days, was repealed by the act of 1889, providing that all fines and costs of imprisonment may be suffered at the rate of one dollar per day until the days amount to the fine and costs, by which jurisdiction was conferred on justices of the peace to sentence for a longer period.

ID.—WRIT OF PROHIBITION—DISMISSAL.—Where judgment was regularly rendered, but not formerly entered, before notice of writ of prohibition, the application for the writ might have been dismissed on that ground.

*Application* of Roe Chung, for a writ of prohibition, to H. H. Ribble, a justice of the peace for precinct No. 26, Bernalillo County.   Writ denied.

The facts are stated in the opinion of the court.

HORTON MOORE for petitioner.

The law under which the actions complained of in the petition, sections 7, 8, 9, act February 27, 1895, is contradictory, inconsistent and unconstitutional. State v. Barlow, 91 N. C. 550; Const. U. S. Amend., art. 8; Comp. Laws 1884, sec. 2594.

The court of the justice of the peace has no jurisdiction to try and determine said causes.   12 Am. and Eng. Ency. of Law 247; Succession of Weigle, 17 La. Ann. 70; Hopkins v. Comm., 3 Metc. (Mass.) 462.   See, also, 19 Am. and Eng. Ency. of Law 268; Atkins v. Siddons, 66 Ala. 453; Russell v.

Jacoway, 33 Ark. 191; Ex parte Green, 29 Ala. 52; Ex parte Little Rock, 26 Ark. 52; People v. Superior Court, 47 Colo. 81; Clark v. Superior Court, 55 Cal. 199; Wruden v. Superior Court, Id. 504; Arnold v. Shield, 5 Dana (Ky.) 394; People v. McAdam, 58 How., Pr. (N. Y.) 278; Kellogg v. Superior Court, 56 Cal. 231, 241; Quimbo v. People, 20 N. Y. 531; State v. Ridgell, 2 Bail. S. C. 560; 19 Am. and Eng. Ency. of Law 269.

R. W. D. Bryan and S. Burkhart for respondent.

Justice of the peace have jurisdiction to hear and determine such causes as those in question.    Comp. Laws 1884, sec. 2321; Act Feb. 27, 1895; State v. Judge of Sup. Dist. Court, 29 La. Ann. 360; Morris v. Lenox, 8 Mo. 252; People v. Seward, 7 Wend. 518; People v. Court of Com. Pleas, 43 Barb. 278.

The laws regulating the practice of medicine and inflicting punishment for violation of their provisions are on the statute books of nearly all the states.    The constitutionality of those laws has been recognized by many decisions of the courts of last resort.    In nearly every state, the highest court has, in express terms, held such acts valid.    Dent v. West Va., 129 U. S. 114; Eastman v. State, 109 Ind. 278; People v. Pippin, 37 N. W. Rep. (Mich.) 888; Williams v. People, 121 Ill. 84; People v. Blue Mountain Joe, 21 N. E. Rep. (Ill.) 923; Weideman v. State, 56 N. W. Rep. (Minn.) 688; Butler v. Chambers, 30 Id. 308; Staley v. Thompson, 46 Id. 410; State v. Marshall, 15 Atl. Rep. (N. H.) 210; People v. Avensberg, 11 N. E. Rep. (N. Y.) 277; Powell v. Comm., 127 U. S. 678. See, also, Wisconsin v. Insurance Co., 127 U. S. 265; Huntington v. Altril, 146 Id. 657; Comm. v. Kerr, 32 Atl. Rep. (Pa.) 276; 3 Black. Com. 415; Rev. Stat., U. S., secs. 990, 410; Kearny's Code; Laws 1884, pp. 105, 112, 115; Laws 1884, sec. 1968; State v. Easley, 10 Ia. 149; State v. Conlin, 27 Vt. 318; 11 Am. and Eng. Ency. of Law, 760; State v. Leis, 11 Ia. 416; Garray v. Comm., 74 Mass. (8 Gray) 382; Tuttle v. Comm., 68 Id. (2 Gray) 505; Norton v. State, 65 Miss. 297; State v.

Small, 64 N. H. 491; Comm. v. Welsh, 2 Va. Cas. 57; Bish.,
Stat. Crime, sec. 240; 11 Am. and Eng. Ency. of Law 760;
Hawkins' Pleas of Crown., 72 Jacob's Law Dic. "Convict;"
People v. Butler, 3 Cow. (N. Y.) 347; Bish., Crim. Law, sec.
960; State v. Volmer, 6 Kan. 379; Ex parte Fassett, 142
U. S. 479.

COLLIER, J.—The application for a writ of prohibition
was made in vacation to the Honorable H. B. Hamilton, one
of the justices of this court, under section 2006 of the Compiled
Laws of New Mexico 1884, who, instead of granting the writ,
and making it returnable to the next regular term of this
court, ordered a rule to issue to respondent, H. H. Ribble,
justice of the peace, for him to show cause at the beginning
of this term, why such application should not be granted.
This court decided to treat this application as if it were made
to the court in term time, and accordingly the matter is
before us on the application and the answer.   Without setting
out at large the averments in either, we will consider the
following questions raised by the counsel for petitioner and
respondent:   (1)   Assuming the act of the legislative as-
sembly of New Mexico, "to regulate the practice of medicine,"
etc., approved February 27, 1895, to be a rightful subject
of legislation, can the penalties prescribed be legally enforced?
(2)   Has a justice of the peace court jurisdiction in an action
to recover the penalty for a first offense.?   (3)   Does it appear
that the causes, the trial of which is sought to be prohibited,
relate to subsequent offenses?   While some attack is made
upon this class of legislation as invalid, it is so well established
that it is not only a rightful, but a most frequent, subject of
legislation, that we have concluded, despite such attack to as-
sume this much, and content ourselves with an extract from
the decision of Williams v. People, 121 Ill. 87, 11 N. E. Rep.
884, as follows:   "It is the common exercise of legislative
power to prescribe regulations for securing the admission of
qualified persons to professions and callings demanding special
skill, and nowhere is this undoubtedly valid exercise of

the police power of the state more wise and salutary, and more imperiously called for, than in the case of the practice of medicine. It concerns the preservation of the health and the lives of the people." Our statute is very liberal in respect to the requirements for obtaining a certificate legally authorizing the holder to practice medicine in this territory, graduation and diploma not being necessary if examination satisfactory to the board of health be passed, a provision more liberal, perhaps, than should be in a matter so vital to the interests of the public, to whom such a certificate accredits the holder. This seems quite a relaxation of the rule much more stringent in some other jurisdictions. It is objected by counsel for petitioner that there is a provision requiring the recovery of a penalty in an action of debt, which is converted into a fine in proceedings to enforce its collection. In other words, they say that a civil action eventuates in a judgment in a criminal case. The reply to all this, or at least one of the replies, is that such a statute comes under the police power of the state, and it is frequently the case that imprisonment is embraced as a part of the judgment. The most familiar illustration of this occurs in the enforcement of fines imposed for a violation of municipal ordinances. Thus, under the head of "Municipal Corporations" (section 1625, Comp. Laws 1884), we find that all actions' to recover a fine or penalty under any ordinance shall be brought in the name of the city or town as plaintiff; that (section 1627) the first process shall be a summons, special provision being made for it being begun; otherwise, if a fine is imposed, order may be made for commitment until the fine and costs are paid. Scarcely any one disputes the validity of such an ordinance, and it is certain that a proceeding begun by a city as plaintiff is not criminal, but at most only quasi criminal. It is stated by Justice Harlan in the case of Railway Co. v. Humes, 115 U. S. 512, "that the power of the state to impose fines and penalties for a violation of its statutory requirements is coeval with government; and the mode in which they shall be enforced—whether at the suit of a

IMPRISONMENT for debt: act Feb. 27, 1895: construction.

private party or at the suit of the public, and what disposition
shall be made of the amounts collected—are merely matters of
legislative discretion." In the face of this authority the ques-
tion is reduced merely to a consideration of the legality of the
imprisonment clause as a means of enforcing the fine re-
covered. About this we entertain no doubt. An action of
debt with the territory as a party suing for the use of the
board of health is fully as much an effort to enforce a law
quasi criminal as is an action by a municipality as plaintiff,
imprisonment being the means of enforcing judgment against
all offenders. Both actions are for the enforcement of the
police regulations of the territory, and fines are not a debt in the
sense that there is no imprisonment therefor. Powell v. Penn-
sylvania, 127 U. S. 678; Hardenbrook v. Town of Ligonier,
95 Ind. 70; Charleston City v. Oliver, 16 S. C. 47; Ex parte
Hollwedell, 74 Mo. 395; Ex parte Reed, 4 Cranch, C. C. 582.
It is our view, therefore, that there is no inconsistency between
recovery and enforcement of the fine which prevents, in any
sense, their standing legally together.

The second question we have proposed to consider is, is
there jurisdiction in the justice to proceed? The statute pro-
vides that any person practicing medicine or surgery without
a required certificate "shall for each and every
instance of such practice forfeit and pay to the
territory of New Mexico the sum of one hun-
dred dollars for the first offense and two hun-
dred dollars for each subsequent offense, the same to be re-
covered in an action of debt before any court of competent
jurisdiction." It is not disputed that a justice of the peace
court has jurisdiction in an action for the recovery of $100 or
less; but counsel say that a justice of the peace can not sen-
tence for a longer period than thirty days, and, therefore, it
not being jurisdictional to enforce the fine by imprisonment
the required length of time, this ousts all jurisdiction to pro-
ceed in the first instance. The only authority counsel have
is that a statute enacted in 1876, and found in the Compiled
Laws in section 2321, thus limits the imprisonment. It is

IMPRISONMENT
for debt: justices
of peace: juris-
diction.

sufficient to say that, if this argument prevailed, the law they cite should be held irrepealable.   The statute of 1889 (page 12)—a later statute—says that for all fines and costs imprisonment may be suffered at the rate of one dollar per day until the days amount to the fine and costs.   It is only liberal and just that the act of 1889 should be read into the act of 1895, as we believe must have been the intention of the legislature.

This brings us to the last inquiry we have proposed to ourselves, viz., do the causes whose trial is sought to be prohibited relate to subsequent offenses?   If they do affirmatively appear to be suits or prosecutions for subsequent offenses, it is contended that nevertheless the plaintiff could waive demanding more than the amount recoverable for a first offense.   Remission of a part of a claim simply to obtain jurisdiction, and without consent of a debtor, is generally held not to be allowable, though there are authorities both ways upon this question.   We see no necessity for determining this question, however, as our conclusion depends upon other grounds. These proceedings were within the jurisdiction of the court, so far as appears on the face of the record.   The actions sought to be prohibited were yet undetermined, or they were already determined.   If they were determined before notice of the writ of prohibition, there is, of course, an end of this case.   If they were not determined, then upon the trial the petitioner would have a complete remedy at law by showing by evidence that they were subsequent offenses, if in fact they were.   It is our view, however, that the answer of the respondent shows that judgment had been regularly rendered, but not formally entered, in this cause, before notice of the writ of prohibition, and this application might have been dismissed on that ground. As, however, the question seemed one of public importance, we preferred to give these views.   The application for the writ of prohibition will be denied, and it is so ordered.

Smith, C. J., and Laughlin, Hamilton and Bantz, JJ., concur.