Rowland v. City of Greencastle.

---

## Rowland v. City of Greencastle.

[No. 18,882.    Filed January 7, 1902.]

Municipal Corporations.—*Ordinance Prohibiting Sale of Intoxicating Liquors From Residence District.* — Under subdivision 13 of §3541 Burns 1902, authorizing the common council of a city to regulate places where intoxicating liquors are sold, and to exclude such sales from the suburban or residence portion of the city, the common council may fix and declare the boundaries of the business district of a city in an ordinance excluding the sale of intoxicating liquors from the suburban or residence portion.' *pp. 593-596.*

Same.—*Sale of Intoxicating Liquors in Residence District in Violation of Ordinance.—Evidence.*—On the trial of an action by a city charging defendant with the violation of an ordinance prohibiting the

Rowland v. City of Greencastle.

sale of intoxicating liquors in the residence portion of such city, the ordinance is *prima facie* evidence as to what is the residence and what the business portion of the city, but other evidence may be admitted to show that the place of sale by defendant was in fact in the business portion.  *p. 596.*

MUNICIPAL CORPORATIONS.—*Designating Locality in City Where Liquor May be Sold.*—Subdivision 13 of §3541 Burns 1901, providing that the common council of a city, in licensing and restraining places for the sale of intoxicating liquors, shall have the power to designate the room, building or structure where such liquors may be sold, does not empower the common council to fix conclusively the localities in which intoxicating liquors may be kept for sale to be used upon the premises.  *p. 597.*

PLEADING.—*Answer.*—*Ordinance.*— Where an ordinance is properly brought into a case by a complaint to recover a penalty for the violation thereof, such ordinance may be considered in determining the sufficiency of an answer though not set out therein.  *p. 598.*

MUNICIPAL CORPORATIONS. — *Proof of Publication of Ordinance.* — *When Not Necessary.*—In an action to recover penalty for violation of a city ordinance, it is not necessary to prove publication of the ordinance where such publication was not contradicted by affidavit.  *p. 399.*

SAME.—*Proof of Publication of Ordinance.*—The introduction in evidence of a printed copy of an ordinance, with the affidavit of the printer, his foreman or clerk, or any competent witness, stating the fact of its publication and the dates thereof, is a sufficient proof of publication.  Proof of filing affidavit of publication in clerk's office is not necessary.  *p. 599.*

From Putnam Circuit Court; *S. M. McGregor*, Judge.

Action by city of Greencastle against Daniel B. Rowland to recover penalty for violation of city ordinance.  *Reversed.*

*H. C. Lewis, B. F. Corwin, J. E. Lamb, J. T. Beasley, W. W. Woollen* and *Evans Woollen*, for appellant.

*T. T. Moore, G. C. Moore* and *J. S. McClary*, for appellee.

DOWLING, J.—This action was commenced before the mayor of the city of Greencastle.  The complaint charged the appellant with keeping and maintaining a room for the sale of spirituous and other intoxicating liquors to be used upon the premises where sold, within the residence or suburban

portion of the said city, and outside of the boundaries of the business district thereof, in violation of an ordinance of said city adopted February 8, 1898. From a judgment against him in the mayor's court, the defendant appealed to the Putnam Circuit Court. A plea in abatement was held insufficient. A demurrer to the complaint and a motion to strike out parts of it, were overruled. An answer in denial, together with four special answers, were filed by the defendant. Demurrers to the *second, third, fourth,* and *fifth* paragraphs of answer were sustained. A trial in the circuit court resulted in a finding and judgment against the defendant. Errors are assigned upon the rulings of the circuit court on the demurrers to the pleadings, and on the motion for a new trial.

The proper construction of the act of 1895 (Acts 1895, p. 180, §3541 Burns 1901, spec. 13), by which the ordinance is supposed to be authorized, and the validity of the ordinance itself, are the principal questions to be determined on this appeal.

The act referred to provides that the common council shall have power to enforce ordinances. "(13) To license, regulate, and restrain all shops, inns, taverns, or other places where intoxicating liquors are kept for sale, to be used in and upon the premises, and in regulating, restraining and licensing such inns, taverns, shops or places aforesaid, they shall have the power to designate the room, building or structure where such liquors may be sold, and may exclude such sales from the suburban or residence portion of such city, and confine the places where such sales may be made, to the business portion of such city, and may direct the arrangement and construction of the doors, windows and openings of the particular room in such building where such sales may be had, or such intoxicating liquors be drunk, and may direct the location, arrangement and construction of the bar kept therein, and the interior arrangement and construc-

tion of such room, and may direct what games may be carried on therein, and may forbid the keeping or use of wine rooms."

In pursuance of the authority understood to be conferred upon it by this statute, the common council of the city of Greencastle, on February 8, 1898, enacted the following ordinance:

"Section 1. Be it ordained by the common council of the city of Greencastle, Indiana, that the business portions of said city of Greencastle, Indiana, are hereby defined to be and declared to exist only within the territory included within the following boundaries, to wit: All that part of said city which is bounded on the north by Columbia street of said city, on the west by Market street, on the south by Walnut street, and on the east by College avenue street of said city. All the residue of the territory of said city is hereby declared to be residence or suburban portions thereof, and the sale or keeping of intoxicating liquors for sale to be used in and upon the premises is hereby prohibited, within said residence or suburban portion * * * under the penalties hereinafter prescribed."

"Section 3. And be it further ordained by the common council of the city of Greencastle, Indiana, that it shall be and is hereby made unlawful for any person or persons, or corporation, to keep or maintain any place, shop, room, or building for the sale, bartering or giving away, or the keeping of any spirituous, vinous, malt or other intoxicating liquors to be used in and upon the premises where sold, bartered or given away, at any point or place within said suburban or residence portion of said city of Greencastle, Indiana, as defined in the first section of this ordinance; but the keeping or maintaining of all such places is hereby confined to said business portions of said city, as herein defined in the first section of this ordinance; and any person violating any of the provisions of this section, or of any other section of this ordinance, shall, on conviction of such offense before

the mayor of said city be fined in any sum not less than $10 nor more than $100, for each such offense, and no license from Putnam county, Indiana, or said city of Greencastle, Indiana, to sell intoxicating liquors shall constitute a defense to any action founded on this ordinance."

A fourth section of the ordinance declared it unlawful to keep or maintain any room, etc., for the keeping, etc., of intoxicating liquors to be used upon the premises where sold, within the suburban portion of the city of Greencastle, as defined in the first section of the ordinance, and affixed a penalty for any violation of said section four.

The trial court held the ordinance valid, and the complaint sufficient. It decided, also, upon the pleadings and proof, that the defendant had no right to show, by way of defense, that his saloon was not in the residence or suburban portion of the city, but, in fact, in the business portion, although not within the boundaries of that district, as declared by the ordinance.

In regulating, restraining, and licensing places where intoxicating liquors were kept for sale to be used upon the premises, the act of 1895 authorized the common council to exclude such sales from the suburban or residence district, and to confine the places where such sales might be made to the business portions of such city. The statute did not require the common council to fix the boundaries of the business portion of the city, neither did it prohibit them from doing so. It may have been thought by the legislature that, in some cases, it would be practicable to define such boundaries, and that in others it would not. Very good reasons may be given in support of each of these methods. It may be said that the question of the boundaries of the business district should be left to the determination of the courts as a question of fact. Or, with equal force, it may be contended that greater certainty and uniformity in the enforcement of the ordinance can be secured where such boundaries are previously established and made known. Neither of these

methods seems to be objectionable upon any legal ground, and the common council of the city of Greencastle, in the exercise of its discretion, had the right to adopt either. It saw fit to fix and declare the boundaries of the business portion of the city of Greencastle; and to confine the places where intoxicating liquors might be kept for sale to be used upon the premises within such boundaries, excluding them from both the suburban and the residence parts of the city.

But while the ordinance adopted by the common council of the city of Greencastle was valid, and, *prima facie,* rendered unlawful the maintenance of all shops, etc., kept for the sale of intoxicating liquors to be used upon the premises, outside of the business portion of the city, as defined by the ordinance, yet, we think that such declaration of the boundaries of the business portion of the city was not conclusive. The statute authorized the common council to confine such places to the business portion of the city and to exclude them from the suburban and residence portions. But that body could not, without exceeding its statutory authority, exclude such places from those portions of the city which were, in fact, neither suburban nor residence districts. Declaring them to be suburban or residence portions would not make them such. Proof of the passage of the ordinance and that the appellant's room or saloon was within the prohibited district was sufficient to make a *prima facie* case against him, but he had the right to show that his room or saloon was, in fact, in the business part of the city, and not in either the suburban portion or the residence portion.

It is proper to suggest in this connection that the words "residence", and "suburban", as used in the statute and ordinance, do not mean the same thing. The suburban portion of the city is the outlying part, that portion which is remote from the centre of trade and population, where the houses are, generally, more or less scattered, and where many of the improvements and advantages enjoyed by the central and more densely populated parts of the city are wanting.

The suburban part of a city may be used for business, or it may be occupied by residences, or it may be used both for residence and business purposes. But in either case, police surveillance and protection are usually less thorough and efficient than in the central parts of the city, and, however occupied, the same reasons exist for excluding from such portion of the city places of resort, and offensive occupations which may breed disorder, and threaten the quiet and safety of the neighborhood.

It is not necessary for us to decide whether the grant of the general power "to license, regulate, and restrain all shops, inns, taverns, or other places where intoxicating liquors are kept for sale to be used in and upon the premises" authorized the common council to fix the location of such shops, etc. It is sufficient to say that in adopting the ordinance before us, the common council did not attempt to act under a general and unlimited power to fix the location of all such shops and places. They exercised only the more restricted authority expressly given by the statute to confine such sales to the business portion of the city, and to exclude them from the suburban and residence districts.

It is insisted that the power to fix, conclusively, the localities in which intoxicating liquors may be kept for sale, to be used on the premises, is conferred by that clause of the statute which provides, that "in regulating, restraining, and licensing such inns, taverns, shops, or places aforesaid, they shall have the power to designate the room, building, or structure where such liquors may be sold." In our opinion, the statute will not bear this construction. Under the laws of 1831, 1838, 1853, regulating the traffic in intoxicating liquors, the place where the liquors were to be kept and sold, was not required to be particularly described either in the petition of the applicant, or in the license issued to him. Such petition and license usually designated certain premises known as a certain lot, or a part of a lot, and the building situated thereon. The holder of the license was gener-

ally understood to have the privilege of keeping for sale, and selling, intoxicating liquors, in any and all rooms, in any part of such building, on any floor, and in any yard or garden upon the premises described in the license. It was, we think, to prevent abuses of this nature, and to restrict the business of the person to whom the license was issued to a single room, in a particular structure or building, that the law was changed so as to empower the common council to designate the room, building, or structure, in which the person receiving a license might carry on his business. This designation is accomplished by requiring the applicant for license to describe in his petition the particular room, building, or structure, and by issuing the license to keep for sale and sell intoxicating liquors in such room, building, and structure only. The construction contended for by the appellee would authorize the adoption of an ordinance requiring all intoxicating liquors kept and sold for use on the premises by all persons engaged in the business, to be so kept and sold in one or more designated rooms, buildings, or structures in the city, not owned by, or accessible to, such persons. An ordinance of this character would operate, not to regulate or restrain the traffic, but to prohibit it, and this the common council, in this manner, cannot do. As a further answer to the contention of the appellee, it may be said that no effort is made by the ordinance on which this action is founded to designate any room, building, or structure in which intoxicating liquors must be kept and sold; but that the common council do describe a locality, under the authority given them by another different and distinct clause of the statute.

A few minor questions remain to be disposed of. The appellee makes the point that the ordinance alleged to have been violated was not properly set out in the answers, and that we cannot consider it in deciding the question of the sufficiency of those answers. The ordinance was the foundation of the action, and was brought into the

case for all purposes by the complaint. It is true that, by reason of the express provision of the statute, no copy of the ordinance need be filed, and that a recital in the complaint of the number of the section charged to have been violated, with the date of the adoption of the ordinance, is sufficient. §3501 Burns 1901, §3066 R. S. 1881 and Horner 1897; *Shea* v. *City of Muncie,* 148 Ind. 14. But the effect of this provision is that the ordinance, by reference, is made a part of the complaint as fully as if a copy were filed.

The publication of the ordinance was not contradicted by affidavit; hence, it was not necessary to prove the fact. §3499 Burns 1901; *Lake Erie, etc., R. Co.* v. *City of Noblesville,* 16 Ind. App. 20; *Green* v. *City of Indianapolis,* 25 Ind. 490.

If the publication of the ordinance had been properly put in issue, the introduction by the appellee of the printed copy of the same, with the affidavit of the printer, his foreman, or clerk, or any competent witness, stating the fact of its publication, and the dates thereof, was sufficient. §489 Burns 1901, §481 R. S. 1881 and Horner 1897. We know of no rule requiring proof of the filing of such affidavit of publication in the office of the city clerk, and we have been referred to none.

For the errors of the court in sustaining the demurrer to the *fifth* paragraph of the answer, and in excluding the evidence offered by the appellant that his place of business was not, in fact, within the residence or suburban portions of the city of Greencastle, and in overruling appellant's motion for a new trial on that ground, the judgment is reversed, with directions to overrule the demurrer to the *fifth* paragraph of the answer, and to sustain the motion for a new trial, and for further proceedings in conformity to this opinion.